**Ruth HEVERLY, on her own behalf and as Executrix of the Estate of Leonard S. Heverly, Plaintiff,**

**v.**

**James William LEWIS, Jr., and Professional Drilling Fluid Service, Inc., Defendants.**

**No. CV–R–81–228–ECR.**

United States District Court, D. Nevada.

Sept. 12, 1983.

Raggio, Wooster & Lindell, Ltd., Reno, Nev., and Anthony L.V. Picciotti, P.C., West Chester, Pa., for plaintiff.

Eugene J. Wait, Jr., Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff has appealed from (moved to retax) the costs taxed by the Clerk of Court. Particularly at issue are the Clerk's disallowance of expert witness fees and the travel costs of Plaintiff to attend her own deposition. After a hearing, the Clerk refused to tax any of Plaintiff's travel costs and allowed only statutory per diem attendance fees and travel allowances for Plaintiff's two experts. The Clerk indicated that her rulings were based on guidelines set forth in 37 F.R.D. 481, where a 1963 law review article entitled "Taxation of Costs in United States District Courts" is reprinted.

Nevada law must control expert witness fees in a diversity case such as this, according to Plaintiff. Up to $750 per expert (or even more where circumstances warrant) are permitted under NRS 18.005(5). She emphasizes that one of her experts was necessary on the issue of liability, essentially to show that Plaintiff's decedent was not contributorily negligent, and the other, an economist, was indispensable to prove damages.

Even if federal law controls the taxation of expert witness' fees, Plaintiff insists, this case meets its criteria. They are that the experts' testimony helped the Court and played a crucial role in resolving the issues presented. Nor is prior approval by the Court required, she argues, especially where, as here, the experts were named in a pretrial order.

As to Plaintiff's travel costs to attend her own deposition in Reno (she lives in Pennsylvania), Plaintiff acknowledges that her travel costs to attend trial would not be taxable. She emphasizes, however, that a different rule should apply where the deposition travel costs were incurred for the convenience of opposing counsel.

In response, Defendants insist that federal law controls the awarding of costs in diversity cases. That law, they claim, does not provide for the fees of expert witnesses, beyond the statutory per diem and travel allowances.

Defendants also dispute the propriety of taxing the travel expenses of Plaintiff in getting to her deposition. They point out that Plaintiff chose the forum, which should negate any complaint she may have to appearing there for a deposition.

■ Fed.R.Civ.P. 54(d) provides, in pertinent part, that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs ...." Thus, the court has discretion to allow or disallow expenditures ordinarily recoverable as costs of suit, but it may not either reduce or increase the amount of the costs from those reasonably and actually incurred by the prevailing party. See Copper Liquor, Inc. v. Adolph Coors Co., 684 F.2d 1087, 1101 (5th Cir.1982).

■ The Clerk's refusal to tax the travel costs of Plaintiff in attending her own deposition was proper. The rule is that a party witness must generally bear the burden of discovery costs. United States v. Columbia Broadcasting System, Inc., 666 F.2d 364, 371 (9th Cir.1982). Therefore, a prevailing party may not recover, as a cost of suit, the expenses incurred incident to the taking of his or her own deposition. See Morrison v. Alleluia Cushion Co., Inc., 73 F.R.D. 70, 72 (N.D.Miss.1976).

The question of the taxability of the amounts charged Plaintiff by her expert witnesses is not as simple. Her bill of costs is supported by documentation reflecting charges of $1930.79 by her liability expert and $1293.00 by her damages expert. Both sums are reasonable in amount in light of the experts' expertise, the apparent extent of their preparation, and their time spent at trial. The Clerk, however, allowed only the statutory per diem and mileage fees provided by 28 U.S.C. § 1821 for any witness. These totaled $153.00, which amounts to disallowance of $3070.79 between both of the experts.

■ Congress has dealt comprehensively with the subject of fees for witnesses by its enactment of § 1821, therefore the federal law is controlling to the exclusion of contradictory state law even in diversity cases. *Bosse v. Litton Unit Handling Systems,* 646 F.2d 689, 695 (1st Cir.1981); *Quy v. Air America, Inc.,* 667 F.2d 1059, 1067 (D.C.Cir. 1981). Since the statute covers per diem, mileage and subsistence allowances for witnesses, without differentiating between lay and expert witnesses, federal courts traditionally followed a rule that the statutory allowances set the limit of taxable costs for all witnesses. *Paschall v. Kansas City Star Co.,* 695 F.2d 322, 338 (8th Cir.1982), *rehg. gtd.* However, in *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 232, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964), the U.S. Supreme Court declared that the "unless the court otherwise directs" language contained in Fed.R.Civ.P. 54(d) plainly vests some discretion in the court as to allowing costs. A very strong trend has since developed to permit trial courts to exercise this discretion by awarding fees of expert witnesses as costs in appropriate cases. *See Paschall* 695 F.2d at 338–339; *Roberts v. S.S. Kyriakoula D. Lemos,* 651 F.2d 201, 206 (3rd Cir.1981).

■ Nevertheless, the discretion to tax costs not specifically authorized by statute should be exercised sparingly. *Miller-Wohl Co. v. Com'r of Labor and Industry,* 694 F.2d 203, n. 2 (9th Cir.1982). The prevailing party must demonstrate the existence of exceptional circumstances, which usually requires prior application to the court to incur the particular costs and a persuasive showing that the expenditures were essential to establish material elements of the party's case or defense. *Shakey's Incorporated v. Covalt,* 704 F.2d 426, 437 (9th Cir.1983).

The *Shakey's* opinion states that exercise of the court's discretion as to costs "usually requires a prior application to the court." *Ibid.* The Ninth Circuit thus does not view prior application as an inflexible prerequisite. It is in accord with the majority of other jurisdictions in this respect. *See Paschall v. Kansas City Star Co.* at n. 20;

*Roberts v. S.S. Kyriakoula D. Lemos* 651 F.2d at 205; *Copper Liquor Inc. v. Adolph Coors Co.* 684 F.2d at 1100; *Worley v. Massey-Ferguson, Inc.,* 79 F.R.D. 534, 541 (N.D. Miss.1978); *cf. Quy v. Air America, Inc.* at n. 15; *Gradmann & Holler GMBH v. Continental Lines, S.A.,* 679 F.2d 272, 274 (1st Cir.1982). The undersigned believes that prior application would be an important factor if the particular costs were extraordinarily large in amount. This could occur, for example, if an expert witness would have to be flown in from a distant place or if his expertise was so unique that he could command extremely high fees. In the instant action, Plaintiff's liability expert was local and her damages expert was from nearby in California. Their charges were not out of the ordinary. Prior application could have amounted to an exercise in futility. It would not be known at the time whether the applicant was going to be a "prevailing party." Also, the determination whether an expert's testimony was essential to a material issue can more accurately be made in retrospect, after the testimony has been given. The case of *Cagle v. Cox,* 87 F.R.D. 467 (E.D.Va.1980) seems to view prior application as a prerequisite to an award of expert witness' fees as costs. Yet, it suggests, at page 472, that reevaluation at the conclusion of the case may well be appropriate. Finally, it should be noted that it is the practice of this Court to require a pretrial order to be prepared by counsel and approved by the Court. Among other things, it lists by names and addresses the witnesses the parties expect to use. As a result, both the Court and the opposing parties are provided an opportunity to question the need for any prospective expert witness listed therein. *See DeThomas v. Delta S.S. Lines, Inc.,* 58 F.R.D. 335, 343 (D.P.R.1973); *cf. Pizarro-de-Ramirez v. Grecomar Shipping Agcy.,* 82 F.R.D. 327, 330 (D.P.R.1976). Although the Court recognizes that Plaintiff's failure to make prior application is a factor to be considered in ruling on the instant motion, it does not find that failure to be determinative by itself.

■ The central concern in deciding whether to tax an expert witness' fees as

costs is the necessity of the expert's testimony. *Roberts v. S.S. Kyriakoula D. Lemos,* 651 F.2d 201, 205 (3rd Cir.1981). To be taxable, the "testimony must be material to an issue tried and reasonably necessary to its disposition." *United California Bank v. THC Financial Corp.,* 557 F.2d 1351, 1361 (9th Cir.1977). The more recent case of *Shakey's Incorporated v. Covalt,* 704 F.2d at page 437, uses the word "essential." The testimony of Plaintiff's expert witnesses meet either standard.

IT IS, THEREFORE, HEREBY ORDERED that the Clerk of Court be, and she hereby is, affirmed as to her refusal to tax as costs Plaintiff's travel expenses in connection with the taking of her deposition.

IT IS FURTHER ORDERED that the Clerk of Court be, and she hereby is, reversed as to her refusal to tax as costs the sum of $3,223.79 for fees of witnesses.

IT IS FURTHER ORDERED that the Clerk of Court shall retax the costs in accordance herewith.