**UNITED STATES of America, Plaintiff,**

v.

**Charles A. ORENIC, Defendant.**

**Civ. A. No. 85–0012–H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

June 9, 1986.

U.S. Atty., by J. Gaston B. Williams, Asst. U.S. Atty., Roanoke, Va., for plaintiff.

Charles A. Ornic, pro se.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter is here on the motion of the United States for reconsideration of its previous motion to review costs to be taxed by the clerk of the court. This action was originally brought to collect the unpaid balance of a student loan on which the defendant had defaulted. The Court subsequently entered a consent judgment which allowed for recovery of $952.54, "plus costs and interest." The United States Attorney subsequently filed a bill of costs which included two fees pertaining to a state court lien, the $20.00 docket fee provided for under 28 U.S.C. § 1923, and the $60.00 filing fee of the clerk. Only the fees to release the state court liens were actually paid by the U.S. Attorney. The clerk struck the $60.00 filing fee, but allowed all other costs.

By subsequent Order, this Court held that neither the $60.00 filing fee nor the $20.00 docket fee were taxable as costs. The United States then moved for reconsideration of that ruling. The Court now grants the United States' motion for reconsideration, and further grants in part and denies in part the United States' motion to allow taxation of the above costs.

### A. *The Clerk's Filing Fee:*

Under 28 U.S.C. § 1920, the "judge or clerk of any court of the United States may tax as costs ... (1) [f]ees of the clerk and marshal [and] ... (5) docket fees under § 1923 of this title." In conjunction with Fed.R.Civ.Pro. 54(d), this provision allows a prevailing party in an action, in this case the United States, to recover its costs as a matter of course, "unless the court otherwise directs." Fed.R.Civ.Pro. 54(d). However, at least since 1919, the clerks of the United States District Courts have not required the United States as a party in any civil action to pay the $60.00 filing fee required under 28 U.S.C. § 1914(a). This

"immunity" from payment of a filing fee, as noted by the government in its briefs, originally arose out of the Act of February 26, 1919, 40 Stat. 1182 § 1 et seq. (hereinafter "the 1919 Salary Act"), which established the present system by which the clerks of the United States District Courts are compensated.

The 1919 Salary Act provided that:

[a]ll fees and emoluments authorized by law to be paid to the clerks of the United States District Court ... shall be charged as heretofore and shall be collected as far as possible, and paid into the treasury of the United States .... and such clerk shall be paid in lieu of the fees and emoluments now allowed by law an annual salary as hereinafter provided: provided, that this section shall not be construed to require or authorize fees to be charged or collected from the United States.

Ch. 49, 40 Stat. 1182 § 1; amended Ch. 46, 41 Stat. 1099 (1921). Prior to the 1919 Act, the payment of the clerk's filing fees by the United States was governed by the Act of February 26, 1853, Ch. 80, 10 Stat. 161, 168[1] (hereinafter the "1853 Salary Act"). In essence, the 1853 Act provided that the government *would* pay filing fees to the clerks of the courts (1) if other fees received by the clerks did not exceed their office expenses by a given amount, and (2) upon the settling of the clerk's "accounts" with the U.S. Treasury. In any event, the fees paid by the United States could not exceed $3,500.00 per year. This system apparently required the United States to pay over in lump sums "filing fees" which would vary depending upon the net balance of each individual clerk's office after it had paid all operating expenses and any other monies owed to the U.S. Treasury. The government argues in the present case that since the 1919 Act replaced a prior liability for fees with a liability for the clerks' salaries, Congress intended that the clerk's sal-

---

1. The 1853 Salary Act provided in part that: The fees of marshals, clerks, commissioners, and district attorneys, in cases where the United States are liable for the same, shall be paid in settling their accounts at the treasury, such accounts to be made out and verified by the party under oath, and forwarded to the First Auditor of the Treasury. ch. 80, 10 Stat. 168.

aries would stand in the place of the filing fees previously paid by the United States, and would, in effect, continue to constitute actual payment of those filing fees. However, based upon the language and legislative history of the relevant statutes, this Court disagrees.

■ A prevailing party in any civil action is entitled to recover those costs enumerated in 28 U.S.C. § 1920, subject to the discretion of the court. It follows logically, and it has been recognized by the federal courts, that "taxable costs" normally represent allowances made to a successful party for *expenses* paid by that party in prosecuting or defending an action, unless some other allowance has been provided for by statute which is unrelated to the actual expenses incurred by a prevailing party. *See, e.g., Nash v. Raun,* 67 F.Supp. 212, 214 (W.D.Pa.1946); Section B, *infra.*

■ In the case of the clerk's filing fee, there is little question that such an "actual expense" requirement exists under the language of 28 U.S.C. § 1914. Section 1914(a), which established the clerk's filing fee, provides that

> [t]he clerk of each district court *shall require* the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $60. . . .

28 U.S.C. § 1914(a) (1978) (emphasis supplied). This Court reads this provision, in conjunction with Section 1920, to allow the taxation of the filing fee only when such fee has actually been paid to the clerk. In fact, the government in the present case apparently does not argue with this proposition, but instead contends that through payment of the clerks' salaries, the government has actually "paid" a $60.00 docket fee in the present case, within the meaning of 28 U.S.C. § 1914(a). Again, this Court disagrees.

Under the 1919 Act, the government effectively stepped "into the shoes of the clerk in respect of the right to fees", *Gulf Refining Co. v. United States,* 269 U.S. 125, 139, 46 S.Ct. 52, 70 L.Ed. 195 (1925). However, there exists no indication whatso-

ever that Congress intended, or even considered, that the payment of the clerk's salaries would also represent a constructive payment of the clerk's filing fees. The government here adopts an overly simplistic approach to government expenditure, in which it simplistically contends that since the clerks' salaries come out of the "same pocket" as would the clerk's filing fees, these two expenditures are identical for the purposes of the taxation of costs.

This view, however, is unsupported by the language and statutory history of the 1919 Salary Act, and by the accounting practices of the clerks' offices and the United States Attorney's Offices. The only indication of Congress' intent regarding the salary system comes from the language of the 1919 Act itself, which indicates rather clearly that the Act was intended primarily to simplify and standardize the process and amounts which were paid to the individual clerks. Moreover, there is no indication from the current bookkeeping practices involved that the filing fees are ever considered by anyone to have been "paid" by the United States. The United States issues no check to the clerk; the United States records no debit for its payment of the fees; and the clerk records no credit and issues no receipt for payment.

In addition, the government's argument here stands in conflict with a portion of the 1919 Act, and with subsequent statutes, which prohibit a filing fee to be charged to the United States in civil actions. The 1919 Act provided that "this section shall not be construed to require or authorize fees to be charged or collected from the United States". 40 Stat. 1182, § 1. This "immunity" from filing fees was most recently embodied in the 1949 version of 28 U.S.C. § 2412(a), which at that time provided that "[t]he United States shall be liable for fees and costs only when such liability is expressly provided for by act of Congress." Since no provision at that time, nor since, has "expressly" provided for the United States to pay the filing fee, this version of

§ 2412(a) effectively established a filing fee for the United States of $0.00.[2]

The conclusion that § 2412 was intended only to allow *reimbursement* for actual filing fee expenses is also supported by the legislative history underlying the 1966 amendments to that section. The Senate report to H.R. 14182, the bill which amended § 2412, stated that the bill had a "purpose of amending the law to incorporate features which will provide for a more fair and equitable treatment of a private individual or claimant when he must deal with the government". In addition, the Senate report stated that

> The present law permits the disparity of treatment between private litigants and the United States concerning the allowance of court costs. This bill will correct this disparity by putting the private litigant and the United States on an *equal footing* as regards the award of court costs to the prevailing party in litigation involving the government. As things now stand, only in rare cases can costs be awarded against the United States in the event it is the losing party.... this bill will provide for a uniformity of treatment in the award of costs.

Senate Rep. No. 1329, 89th Cong., 2d Sess. 3, *reprinted in* 1966 U.S. Code & Admin. News 2528 (emphasis supplied). This quotation indicates that a purpose of this bill was to permit the private, prevailing litigant to recover his appropriate costs in litigation involving the government as a non-prevailing party. As indicated, however, the overriding interest of Congress was to put the private litigant and the United States on "an equal footing" in the "award of court costs...."

Given Congress' intent to put the government and private litigants on "an equal footing", it is hard to imagine that Congress sanctioned taxation of the clerk's filing fee where the government had never actually paid such an expense, yet in the same breath, limited private litigants to only those costs actually *paid*. As the Court noted in its unpublished opinion in *United States of America v. Langlois*, Civil Action No. 73–CV–553 (N.D.N.Y.1973), "instead of putting the government and private litigant[s] on a parity as to the award of costs, in keeping with the intent of the 1966 amendment to 28 U.S.C. § 2412, it would permit limiting costs to reimbursement as to the private party but not as to the government." *Id.* at 2.

In addition, this Court believes that the taxation of the filing fee in the present case would render an illogical and inequitable result from the perspective of the non-prevailing party. The award of costs in civil actions historically has been allowed in order to provide compensation for a prevailing party's expense and trouble in prosecuting or defending a suit. *Day v. Woodworth*, 54 U.S. (13 How) 362, 14 L.Ed. 181 (1851). To require the non-prevailing party in the present case to pay a sum which has never actually been incurred and paid by the United States, or was not otherwise required by statute, would contravene this policy which underlies the award of costs in civil actions. Even the current strictures of budget constraint affecting the Federal government cannot justify a disregard of Congressional intention, where that instruction has been so clearly manifested in the legislative history.

Under Fed.R.Civ.Pro. 54(d), and under § 1920, this Court has wide discretion in allowing or disallowing the costs claimed by the United States Attorney in the present case. *Constantino v. American S/T Achillies*, 580 F.2d 121 (4th Cir.1978); *Alspach v. District Director of Internal Revenue*, 527 F.Supp. 225 (D.Md.1981). This Court does not exercise its discretion to deny the filing fee cost in the present case lightly. However, based upon the language and legislative history of the rele-

---

**2.** Although the 1966 amendments to § 2412 wrote the "immunity" provision out of Section 2412, that omission does not operate now to require a filing fee to be paid by the United States; Section 1914 has not been amended since the 1966 amendments to § 2412(a), and the immunity embodied in the 1949 version of § 2412(a) thus presumptively exists under the present law, since Congress has not stated its intent to the contrary.

vant statutory provisions discussed above, the ordinary presumption in favor of awarding costs to a prevailing party is overcome by the requirement that the clerk's filing fee actually be incurred and paid. Since the United States in the present case has not actually incurred the cost of the filing fee, the Court denies the motion to tax the clerk's filing fee as a cost.

### B. *The Attorney's Docket Fee Under § 1923*

 This Court has also previously denied the United States taxation of the $20.00 docket fee provided for under 28 U.S.C. § 1923(a). That statute provides, in pertinent part, that:

> Attorneys' and proctors' docket fees in courts of the United States may be taxed as costs as follows:
>
> (a) $20.00 on trial or final hearing ... in civil, criminal or admiralty cases....

This statute establishes an exception to the general rule that attorney's fees may not be taxed as costs, and allows for "recovery of nominal sums known as 'attorney's or proctor's docket fees.'" *Fleischmann v. Maier Brewing*, 386 U.S. 714, 718 n. 11, 87 S.Ct. 1404, 1407 n. 11, 18 L.Ed.2d 475 (1967). Unlike the clerk's filing fee, however, the attorneys' docket fees are never actually collected either from private litigants or from the United States, but are nevertheless allowed to a prevailing party as a "cost" under 28 U.S.C. § 1920(5) at the conclusion of an action, subject to the discretion of the Court.

The § 1923 docket fee is distinguishable from the clerk's filing fee in at least one important respect. The Court has held in Part A, *supra*, that § 1920, in conjunction with § 1914, allows taxation of the clerk's filing fee only where that fee has actually been paid over to the clerk. In contrast, however, neither § 1923 nor § 1920 require the pre-payment of the attorneys' docket fee, either by the United States *qua* litigant, or by a private litigant, before that cost may be taxed by the clerk. Section 1923 thus does not establish a reimburse-

ment mechanism, as does § 1914(a), but establishes instead a nominal, statutory fee to be awarded to a prevailing party, irrespective of the actual costs which that party may have incurred in hiring an attorney to bring or defend the suit. This Court thus finds no reason to disallow the attorney's docket fee in the present case.

### C. *Conclusion*

For the foregoing reasons, this Court denies the motion of the United States to tax as costs the $60.00 filing fee of the clerk. However, the Court finds that the $20.00 docket fee under § 1923 is appropriately taxed as a cost, and the Court hereby vacates its Order of June 3, 1985, to the extent that it disallows the $20.00 docket fee as a taxable cost.

An appropriate Order shall this day issue.