**M.E. FIELDS and J.R. Fields, Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, a
Delaware and Michigan corporation,
Defendant.**

No. 94 C 4066.

United States District Court,
N.D. Illinois,
Eastern Division.

March 12, 1997.

---

William H. Kelly, Jr., Gerald Berton Mullin, Ira M. Levin, Rosenthal & Schanfield, P.C., Chicago, IL, for Plaintiffs.

Richard Cartier Godfrey, Thomas E. Dutton, John Robert Robertson, Gabriela Isuani Monahan, Kirkland & Ellis, Chicago, IL, for Defendant.

BUCKLO, District Judge.

### MEMORANDUM OPINION AND ORDER

On July 5, 1996, I granted summary judgment in favor of the defendant, General Motors Corporation ("GM"). GM has filed a Bill of Costs, seeking to recover litigation costs of $12,417.60.[1] The plaintiffs, Earl and John Fields, object to certain portions of GM's Bill of Costs. For the following reasons, I award GM $11,367.60.

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Fed. R.Civ.P. 54(d)(1). The court "may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

...."

28 U.S.C. § 1920. In awarding costs, "the court must determine that the expenses are allowable [under statutory authority] ... and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir.1991).

### Court Reporter Fees

GM seeks $10,430.30[2] for court reporter fees. The plaintiffs object to six depositions,[3] arguing that they were not "necessarily obtained for use in the case," *see* § 1920(2), and that I should therefore disallow court reporter and witness fees, § 1920(3), associated with these depositions.

The plaintiffs assert that GM did not use the six depositions in its summary judgment motion, and that the plaintiffs did not identify the deponents as having knowledge of the claims asserted in the lawsuit or of GM's affirmative defense. However, failure to use a deposition in a summary judgment motion does not render it unnecessary. *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985), *overruled in part on other grounds, Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir.1989). It is well settled that deposition costs satisfy § 1920(2) if the deposition was "reasonably necessary ... in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) (quotations and citations omitted). GM asserts that the plaintiffs identified the deponents in their answers to the defendant's interrogatories. GM further asserts that since these deponents were the plaintiffs' accountants, officers, and/or shareholders,

---

1. GM requested $12,524.63 in its Bill of Costs. In the reply, it withdrew $25.00 for federal express delivery of James Hartigan's deposition and $82.03 in witness fees for John Connelly.

2. GM's Bill of Costs sought $10,455.30 for court reporter fees. In the reply, GM withdrew $25.00 for federal express delivery of James Hartigan's

deposition. The Bill of Costs lacked documentation pertaining to John Connelly's deposition; the relevant invoice is attached to GM's reply.

3. The deponents were Bruce Lowery, Stephen Press, Agris Vaza, Richard Zell, Jack London, and Earl Klein.

**236**

their depositions were reasonably calculated to elicit admissible evidence relevant to damages and to an element of the plaintiffs' claim, detrimental reliance. These arguments are persuasive and I therefore find that the challenged depositions were "necessarily obtained for use in the case."

■ The plaintiffs also object to court reporter fees for computer disks and "minuscripts,"[4] in addition to the original deposition, and to charges for hand delivery.[5] The plaintiffs argue that I should disallow these costs because Section 1920 does not authorize them. GM counters by equating computer disks and "minuscripts" to additional deposition copies, and by citing case law allowing delivery charges.

The majority of district courts in this Circuit have not endorsed the recovery of costs associated with computer disks, reasoning that such "disk[s] merely make using [depositions] ... more convenient for the attorney." *See, e.g., Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.*, No. 90 C 2370, 1994 WL 605719, at *4 (N.D.Ill. Nov.3, 1994) (Bucklo, J.), *aff'd*, 63 F.3d 516 (7th Cir.1995); *see also Truck Components Inc. v. Beatrice Co.*, No. 94 C 3228, 1996 WL 402520, at *5 (N.D.Ill. July 15, 1996) (disk and "minus-

cript" costs disallowed); *but see BASF Corp. v. The Old World Trading Co.*, No. 86 C 5602, 1992 WL 229473, at *2 (N.D.Ill. Sept.11, 1992) (allowing disk costs because prevailing party "was entitled to obtain additional copies" of depositions). "[C]ourts may not tax the costs of ... depositions provided merely for the convenience of the requesting attorney." *Barber*, 7 F.3d at 645.

I do not think that the analogy between computer disks and additional deposition copies is a persuasive one. Among other things, the disk enables the user to locate specific information within the deposition with the aid of a "search" function. Thus, the disk is much like a litigation support system, whose function is to facilitate information retrieval. *E.E.O.C. v. Sears, Roebuck & Co.*, 111 F.R.D. 385, 394 (N.D.Ill.1986);[6] *but see BASF Corp.*, 1992 WL 229473, at *2 (rejecting this comparison). The expense of such a system is not a taxable cost under Section 1920. *Northbrook Excess & Surplus Ins. Co.*, 924 F.2d at 643–44 (citing *E.E.O.C.*, 111 F.R.D. at 394).

■ Even if I accept GM's analogy between computer disks and "minuscripts" and additional copies of depositions, I must still

---

4. A "minuscript" condenses several pages of text into one.

5. I note that the plaintiffs did not object to all deposition charges whose invoices appear to include disk and delivery charges. Therefore, for the purposes of this discussion, I am concerned only with (1) the six depositions to which the

plaintiffs object on the grounds that they were not reasonably necessary, and (2) the depositions which the plaintiffs specifically identify in connection with disk and delivery expenses, excluding $25.00 for federal express delivery of James Hartigan's deposition which GM withdrew in the reply:

| | | | | |
|---|---|---|---|---|
| Steven Press | $ 75 | (disk, etc.) | $5 | (hand delivery) |
| Agris Vaza & Richard Zell | $150 | | $5 | |
| Jack London | $ 75 | | $5 | |
| Earl Klein | $ 75 | | $5 | |
| Peter Cieslak | $ 75 | | $5 | $5 (misc.) |
| Edward Stone | $ 75 | | $5 | |
| William Ahrens | $ 75 | | $5 | |
| Alden Mose (I) | $ 75 | | $5 | |
| Alden Mose (II) | $ 75 | | $5 | |
| Earl & John Fields | $250 | | | |
| **TOTAL:** | **$1,000** | **(disk, etc.)** | **$45** | **(hand delivery)** |
| | | | **$5 (misc.)** | |

---

6. In *E.E.O.C.*, the litigation support system included magnetic tapes used to load various texts onto the computer; the system was used to "code and index case materials ... for easy retrieval." 111 F.R.D. at 394. The court reasoned that "[a]s with computerized legal research[, whose expenses are not taxable under Section 1920], a computerized retrieval system performs the work an attorney, paralegal or law clerk would have to perform in its absence." *Id.* The court concluded that "expenses for such systems are more properly considered expenses incidental to an award of attorneys' fees." *Id.*

conclude that the "copies [were] reasonably necessary for use in the case." *SCA Servs., Inc. v. Lucky Stores*, 599 F.2d 178, 181 (7th Cir.1979); *see also Northbrook Excess & Surplus Ins. Co.*, 924 F.2d at 643–44;[7] N.D.Ill.Local R. 45(B) ("the cost of the original of ... deposition together with the cost of *one copy* each *where needed* by counsel ... shall be allowed") (emphasis added).

In the instant case, it appears that GM had possession of the original depositions, since none were filed with the court. *See* N.D.Ill.Local R. 18 (providing that depositions will be filed only if read in court or if court so instructs). GM was represented by one firm's attorneys, all practicing in the same office. Although noting that a large number of depositions were taken and that the summary judgment briefing was extensive, GM does not explain why deposition copies were reasonably necessary, as opposed to merely convenient. *But see McHenry v. Joseph T. Ryerson Co.*, 104 F.R.D. 478, 481 (N.D.Ind.1985) (deposition copies are reasonably necessary where original filed with court and party represented by two attorneys, one based in another state).[8] Therefore, GM's court reporter fees will be reduced by $1,000.00.

■ As to the deposition delivery charges, many of my sister courts have held them unrecoverable under Section 1920. *See, e.g., Truck Components Inc.*, 1996 WL 402520, at *5. Admittedly, *Finchum v. Ford Motor Co.*, 57 F.3d 526 (7th Cir.1995), cited by GM, upheld the award of, among others, "delivery charges by the court reporter." *Id.* at 534. The fact that the appellate court found "no reason to disturb the district court's exercise of discretion ... *in this instance*," *id.* (emphasis added), does not necessitate that I award delivery charges in the present case. Award of costs is within the court's discretion. *Northbrook Excess & Surplus Ins. Co.*, 924 F.2d at 642. My inquiry is whether "the amounts [requested] are reasonable and necessary." *Id.* GM has not explained why hand delivery of certain depositions was reasonable and necessary, rather than merely convenient. Therefore, an additional $50.00 will be disallowed,[9] allowing the defendant to recover $9,380.30 in court reporter fees.

### Clerk, Witness, and Copying Fees

GM seeks $224.00 for fees of the Clerk. These fees are authorized by Section 1920(1).

■ GM seeks $572.10 for deponent witness fees.[10] Section 1920(3) authorizes these fees. The amount comprises $40.00 daily attendance fee per witness and mileage charges. Both are provided for by 28 U.S.C. § 1821 and are reasonable and necessary.

---

7. In *Northbrook Excess & Surplus Ins. Co.*, the prevailing party sought costs associated with a data base, which was "designed, in part, to reduce *the time and expenses of reviewing documents*, and reduce storage and duplication expenses, which are recoverable as a part of copying costs." 924 F.2d at 643 (emphasis added). The district court awarded these costs, stating that "the data base was a 'less expensive substitute for otherwise recoverable costs.'" *Id.* Vacating the award, the appellate court explained that even if the data base is not like the litigation system in *E.E.O.C., supra*, and even if it performs functions which, in a different guise, would be allowable costs, the district court failed to "determine whether the expense was reasonable and necessary." *Id.* at 644 & n. 15. In the instant case, by equating computer disks and "miniscripts" to deposition copies, GM puts forth the same argument which the appellate court rejected in *Northbrook*.

8. GM cites for support *Edward Hines Lumber Co. v. Vulcan Materials Co.*, No. 85 C 1142, 1989 WL 39715, at *2 (N.D.Ill. Apr.17, 1989), *vacated in part on other grounds*, 1989 WL 105224 (N.D.Ill. Sept.1, 1989). Indeed, Judge Aspen awarded the prevailing defendants the costs of one original and three copies of all depositions. However, there were also four defendants in that case. Thus, the court effectively awarded each party the costs of only one deposition transcript. *But see Mundadi v. Nikken Inc.*, No. 91 C 7425, 1993 WL 54534, at *5 (N.D.Ill.1993) (awarding cost of original and one copy of deposition to defendant).

9. This amount also includes five dollars in miscellaneous charges associated with Peter Cieslak's deposition.

10. In the reply, GM withdrew $82.03 in witness fees for John Connelly, to which the plaintiffs objected. The plaintiffs' remaining objections to witness fees concern the six deponents, whose depositions were argued not to be reasonably necessary.

Finally, GM seeks $1,191.20 for exemplification and copies of papers necessarily obtained for use in the case. Section 1920(4) authorizes these fees. GM copied documents it produced to and was not reimbursed for by the plaintiffs, documents produced by Alden Mose to GM, and GM's pleadings, one copy furnished to the plaintiffs and two, to the court pursuant to the Local Rule 9(h). The plaintiffs do not object to this amount and it is reasonable and necessary.

### *Conclusion*

For the reasons stated above, GM may recover as costs $11,367.60.