**Robert J. SCALLET, Plaintiff,**

v.

**John W. ROSENBLUM,
et al., Defendants.**

Civ. A. No. 94–00016–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Oct. 31, 1997.

Frederick Theodore Heblich, Jr., Parker, McElwain & Jacobs, P.C., Charlottesville, VA, Edward A. Scallet, Edward B. Horahan, III, Washington, DC, for Plaintiff.

Alison Paige Landry, Barbara Joan Gaden, Office of the Attorney General, Richmond, VA, Earl C. Dudley, Jr., James J. Mingle, Lee E. Goodman, Office of the General Counsel, University of Virginia, Beth C. Hodsdon, Madison Hall, University of Virginia, Charlottesville, VA, for Defendants.

MICHAEL, Jr., Senior District Judge.

*AMENDED MEMORANDUM OPINION*

Defendants have filed a motion for attorney's fees pursuant to Fed.R.Civ.P. 54(d) and Fourth Circuit Rule 39(c).

The allowance of certain costs in litigation is both an historic and a statutory animal. The taxation of costs for the prevailing party "is part of the historic equity jurisdiction of the federal courts. The suits 'in equity' of which these courts were given 'cognizance' ever since the First Judiciary Act, 1 Stat. 73, constituted that body of remedies, procedures and practices which theretofore had been evolved in the English Court of Chancery, subject, of course, to modifications by Congress." *Sprague v. Ticonic Nat'l. Bank,* 307 U.S. 161, 164–65, 59 S.Ct. 777, 779, 83 L.Ed. 1184 (1939) (citations omitted).

The *de facto* merger of suits at law with causes in chancery by the adoption of the "one cause of action" of the Federal Rules of Civil Procedure makes problematic the application of the principles of the pre-1936 cases in equity to current causes of action. However, as a statutory matter, Fed. R.Civ.P. 54(d) directs that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Absent special circumstances, the prevailing party is entitled to costs. In the current action, defendants were the prevailing party. Plaintiff objects that costs should not be allowed because the Darden School of the University of Virginia reimbursed defendants for the costs of defending the current action. Plaintiff cites *United States v. Orenic,* 110 F.R.D. 584 (W.D.Va.1986) in support of this proposition. However, the court finds that the plaintiff has misinterpreted *Orenic:* that case requires that expenses actually be incurred to be taxed; however, that case does not require the court to trace the original source of funds for the costs. The court finds that defendants, having prevailed in this action, are entitled to costs under Fed.R.Civ.P. 54(d).

[3] Section 1920 of Title 28 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987). Those allowable costs are:

(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (West 1997). Being listed in section 1920 is a prerequisite for an award of costs. *West Virginia Hosps. v. Casey,* 499 U.S. 83, 86, 111 S.Ct. 1138, 1140–41, 113 L.Ed.2d 68 (1991). Under *Crawford Fitting,*

*supra,* the federal court may award only those items listed. However, the award of the listed items is not mandatory, but discretionary. 482 U.S. at 441–42, 107 S.Ct. at 2497–98 (1987); *See West Virginia Hosps. v. Casey,* 499 U.S. 83, 86, 111 S.Ct. 1138, 1140–41, 113 L.Ed.2d 68 (1991).

Because the situations in which costs may arise in litigating and the costs themselves are so diverse, rigid rules are not possible in the area of cost taxation. *Newman v. A.E. Staley Manuf. Co.,* 648 F.2d 330, 337 (5th Cir.1981). The lack of rigid rules and the practice's origin in equity both require that district courts have wide discretion in awarding costs. *Koppinger v. Cullen–Schiltz & Assocs.,* 513 F.2d 901, 911 (8th Cir.1975); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1583–84 (7th Cir.1990). However, the discretion of the court is not unfettered. *Jop v. City of Hampton, Virginia,* 163 F.R.D. 486, 488 (E.D.Va.1995); *Marcoin, Inc. v. Edwin K. Williams & Co., Inc.,* 88 F.R.D. 588, 589 (E.D.Va.1980); *P.D.Q., Inc. v. Nissan Motor Corp.,* 577 F.2d 910, 917 (5th Cir.1978). As the Supreme Court explained, Fed.R.Civ.P. 54(d) does not give the "district judge unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of the case." *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *Herold v. Hajoca Corp.,* 864 F.2d 317, 322 (4th Cir.1988); *Studiengesellschaft v. Eastman Kodak,* 713 F.2d 128 (5th Cir.1983). The district court is required to state the reasons for allowing or disallowing items of costs requested by the prevailing party. *McIlveen,* 910 F.2d at 1583.

In order to recover costs a party is required to provide explanation and adequate supporting documentation for the bill of costs. *Wahl v. Carrier,* 511 F.2d 209, 216 (7th Cir.1975). As the Eighth Circuit Court of Appeals has stated, "The bill of costs proposed by a winning party should always be given careful scrutiny." *Koppinger, supra,* 513 F.2d at 910. This court has carefully reviewed the bill of costs and the supplemental bill of costs submitted by the defendants in this action, as well as the various opposing and supporting memoranda springing from the bill of costs.

The defendants seek costs in the amount of $13,774.90,[1] which costs are broken down in the table below. The court will deal with the requested costs individually except where it has grouped certain costs requiring the same analysis. The award of costs is also indicated in the attached table. *See Appendix A.*

*Photocopies*

Defendants first seek reimbursement for photocopying costs amounting to $40.50. Courts have allowed costs for photocopies only when the photocopies were necessary. *Studiengesellschaft,* 713 F.2d at 133; *Hugney v. Consolidation Coal Co.,* 59 F.R.D. 258, 259 (W.D.Pa.1973). "Copies obtained for the convenience of counsel are not recoverable." *Helms v. Wal–Mart Stores, Inc.,* 808 F.Supp. 1568, 1570 (N.D.Ga.1992); *see, Grady v. Bunzl Packaging Supply Co.,* 161 F.R.D. 477, 479 (N.D.Ga.1995). Because the costs in the instant case were incurred per order of Magistrate Judge Conrad, and because plaintiff was ordered on May 11, 1995 to "reimburse copy costs," this court finds these photocopying costs taxable.

*Transcript of Hearing*

The cost of a transcript is allowable if it was necessary for effective performance in the case. *Marcoin,* 88 F.R.D. at 589; *Water's Edge,* 135 F.R.D. at 135. The court finds that the transcript of the hearing before the magistrate judge was reasonably necessary to the defendants' preparation of their case. Plaintiff has not objected to the taxation of the cost of the transcript and the defendants have provided adequate support-

---

1. Defendants originally requested $13,419.90. On July 18, 1997, defendants requested an additional $1,197.08 in their supplemental bill of costs (Total = $14,616.98). In defendants' August 6, 1997 reply to plaintiff's memorandum in opposition to the supplemental bill of costs, defendants withdrew their request for printing costs for defendants' Brief in Opposition to the Petition for a Writ of Certiorari in the Supreme Court of the United States. Such costs amounted to $842.08, which the court has subtracted from the amount requested in the February 1, 1996 and July 18, 1997 bills of costs.

ing documentation for the requested costs. *See, Wahl,* 511 F.2d at 216. The court, therefore, allows the cost of the transcript of the December 6 hearing before Magistrate Judge Glen Conrad.

### Notary Fee

■ Defendants have requested taxation of $10 for a notary fee. A reasonable officer's fee may be allowable when a deposition must be taken in the presence of an officer. *Hancock v. Albee,* 11 F.R.D. 139, 141 (D.Conn.1951). Therefore, by analogy, this court finds that a fee to notarize an affidavit may similarly be taxable. This court allows the December 13 notary fee.

### Depositions

Defendants have requested costs for several depositions and items connected to the taking of depositions. All transcripts, except one, were ordered in compressed format and three were requested on disk as well as in hard copy.

■ The Fourth Circuit has generally favored the allowance of costs for depositions, so long as such costs were "reasonably necessary." *LaVay Corp. v. Dominion Federal Savings & Loan Assn.,* 830 F.2d 522, 528 (4th Cir.1987); *Board of Directors, Water's Edge v. Hoover Treated Wood Prods.,* 135 F.R.D. 129, 132 (E.D.Va.1991); *Hott v. Vdo Yazaki Corp.,* 1997 WL 134554 (W.D.Va.). The district court has "great latitude" to determine what deposition costs were "reasonably necessary." *Brumley Estate v. Iowa Beef Processors, Inc.,* 704 F.2d 1362, 1363 (5th Cir.1983); *United States v. Kolesar,* 313 F.2d 835, 840 (5th Cir.1963). As *Hancock v. Albee* explained several years ago, "It is, I think, not possible to formulate any rigid rules for the determination of whether a questioned deposition has been 'necessarily obtained for use in the case.' Each deposition in each case must be considered for its compliance with that qualification. Doubtless the impossibility of stating a general rule explains why the matter was left to judicial discretion." 11 F.R.D. 139, 141 (D.Conn. 1951).

■ Although "reasonably necessary" has no specific definition, its meaning has been carefully circumscribed to exclude materials that were obtained "for convenience only." *Id.* The material from the deposition need not be used at trial, but need only be "relevant and material" for the preparation in the litigation. *Water's Edge,* 135 F.R.D. at 132–34; *Jop,* 163 F.R.D. at 488; *Barton v. Lane Co., Inc.,* No. 94–0088–L, 1995 WL 835486, at *3 (W.D.Va.); *Koppinger,* 513 F.2d at 911. *Jop* states unequivocally that this is the rule in the Fourth Circuit since *LaVay:* "The *LaVay* rule that costs are taxable if they were incurred in order to prepare for trial makes it clear that the Sperry requirement that materials be used at trial cannot stand." 163 F.R.D. at 488. *Marcoin, supra,* explains, "The basic standard to be applied in determining whether to allow the expense of a transcript as a taxable cost is whether it was necessarily obtained for use in the case, that is, whether it was necessary to counsel's effective performance and proper handling of the case." 88 F.R.D. at 590. Further, the deposition costs need only have seemed necessary at the time of the taking of the deposition. *Jop,* 163 F.R.D. at 488. As *Water's Edge, supra,* explains, "omniscience is not the standard." 135 F.R.D. at 133.

As the meaning of "reasonably necessary" has been expanded in recent years, so has the courts' tolerance for certain costs associated with depositions. Traditionally, costs for copies of transcripts were disfavored, *see SCA Services, Inc. v. General Mill Supply Co.,* 599 F.2d 178, 180 (7th Cir.1979), *citing,* 6 Moore's Federal Practice P. 54.77(4), at 1720 (2d ed.1976). However, courts have recently recognized that the logic behind disallowing the cost of copies of transcripts has less applicability in current litigation. *SCA Services, supra,* explains that, "Attorneys' offices are often distant from the courthouse where the original transcript of the deposition is filed; but even if they are not, the practicalities of preparing a case for trial often require that the attorneys have frequent and ready access to the depositions, and that they be able to mark annotations and cross-references on the pages." *Id., citing, Kolesar,* 313 F.2d at 838–40. Thus, courts have begun to allow costs for copies of

transcripts as well as for the sitting fee for a deposition. *See,* No. 94–0088–L, 1995 WL at *2; *Water's Edge,* 135 F.R.D. at 134.

█ As to copies of deposition transcripts of party deponents, this court can see no theoretical support for disallowing those costs. Cases to the contrary have concluded that party deposition costs were not taxable, but have not stated reasons for that conclusion. *See, Heverly v. Lewis,* 99 F.R.D. 135, 136 (D.Nev.1983) ("The rule is that a party witness must generally bear the burden of discovery costs."); *Morrison v. Alleluia Cushion Co.,* 73 F.R.D. 70, 72 (N.D.Miss. 1976) (disallowing deposition costs for witness of claimant reasoning that witness was "active participant" in the litigation). *United States v. Columbia Broadcasting System,* 666 F.2d 364 (9th Cir.1982) cited in *Heverly, supra,* proposed that party witnesses bear their own costs because, as parties, they control the scope and extent of litigation. However, aside from the fact that *Columbia Broadcasting* actually addressed non-party discovery costs, its logic is inapplicable to costs for copies of deposition transcripts. The losing party deposes certain party witnesses, over which depositions the claimants have no control. The deposing party controls the length and scope of the deposition. Thus, upon further reflection, this court has determined that its prior order was in error, and the court now concludes that it must allow the taxation of costs for copies of the depositions if reasonably necessary, even if the deponent was a party to the litigation.

█ Courts have not been as magnanimous with deposition costs derived from the use of new technology, particularly compressed text "minuscripts" and disk copies of transcripts, as they have been with copies of depositions. Most courts have reasoned that minuscripts and disk copies are only for the convenience of attorneys. *Kansas v. Deffenbaugh Indus., Inc.,* 154 F.R.D. 269, 270 (D.Kan.1994); *M.E. Fields v. General Motors Corp.,* 171 F.R.D. 234, 236 (N.D.Ill.1997). Disk copies, in particular, are disfavored. *Fields v. General Motors, supra,* has analogized a disk copy to computerized research, which is not taxable. "Among other things, the disk enables the user to locate specific

information within the deposition with the aid of a 'search' function. Thus, the disk is much like a litigation support system, whose function is to facilitate information retrieval.... The expense of such a system is not a taxable cost under Section 1920." *Fields,* 171 F.R.D. at 236. Similarly, therefore, the disk copy is not taxable. The reasoning of the court in *Fields* is sound and this court adopts it. *Id.*

Similarly to minuscript and disk copy costs, the costs of postage are typically disallowed. *See, Hott,* 1997 WL 134554 at *3; *Wahl,* 511 F.2d at 216; *Fields,* 171 F.R.D. at 237. As with the costs examined *supra,* postage costs are typically incurred for the convenience of attorneys, and thus cannot be considered "reasonably necessary" for the preparation of litigation. Further, postage is more like the costs included in attorneys' fee awards. It is an administrative cost incurred by the attorneys, rather than a cost specifically arising out of the substantive preparation, as is the case with reporter's or marshal's fees. Thus, postage fees are typically not taxable.

Along with regular deposition costs, parties may incur costs for witnesses, expert witnesses, and witness travel. The courts and statutes have set out fairly clearly the allowable costs as to the appearance of witnesses:

> The award of witness fees under § 1920(3) is limited by three statutory provisions: (1) under 28 U.S.C. § 1821(b), a witness shall be paid a fee of $40.00 per day for court attendance; (2) pursuant to 28 U.S.C. § 1821(d) a subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day; and (3) under 28 U.S.C. § 1821(c)(4), [a]ll normal travel expenses ... shall be taxable as costs. Hence, Title 28 U.S.C. § 1821 expressly authorizes the payment of a witness fee of $40.00 per day for court attendance, plus subsistence and the normal costs of travel. The statutory limit placed on witness fees by § 1821 may be exceeded and other compensation may be paid in

accordance with § 1920 only when a witness is court-appointed.

*Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 153 (S.D.Miss.1994); *See, Marcoin*, 88 F.R.D. at 591. *Crawford Fitting, supra*, specifically said, "We think that the inescapable effect of [§§ 1920 and 1821] in combination is that a federal court may tax expert witness fees in excess of the $30–per–day limit set out in § 1821(b) only when the witness is court-appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920." 482 U.S. at 442, 107 S.Ct. at 2498. Thus, the case law and the statutes set out clearly the allowable costs as to witnesses.

■ Equally clear is that the costs of attorneys in attending or defending depositions are not taxable. *Wahl*, 511 F.2d at 216. *City Bank of Honolulu v. Rivera Davila*, 438 F.2d 1367, 1371 (1st Cir.1971). In a similar situation in *Honolulu*, the First Circuit stated,

> We do not think that the travelling expenses of [the attorney] to [the witness's] deposition in Puerto Rico were taxable expenses to [defendant]; [the attorney] attended the taking of the deposition as an attorney, not as a witness. *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1170 (7th Cir.1968), *cert. denied*, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969); *see generally Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411 [416–17], 13 L.Ed.2d 248 (1964). Likewise, we do not see how attorney Woods' trip to Hawaii comes within 28 U.S.C. s.1920 as 'costs.' *See Farmer, supra*, 379 U.S. at 235, 85 S.Ct. [at 416–17] 411.

438 F.2d at 1371.

With this case law as a background, the court will now review the requested costs for the numerous depositions in this case, to many of which plaintiff has objected. First, defendants request costs for the deposition of Robert Scallet on September 21–22, John W. Rosenblum on September 26, Robert Harris and C. Ray Smith on September 27, Robert Harris again on October 9, Eliza Scallet on October 26, Paula Wenger on October 31, Daniel Hallahan and Robert Harris on November 2 and 6, Robert Scallet again on November 3, William Lynne on November 14, Thomas Hutchinson on November 15, Paul Bjorklund on November 27, and Peter Steiner on December 9. Plaintiff has objected to taxation of the costs of original depositions for September 21–22, October 26, November 14, November 27 and December 9.

The court has reviewed the depositions for which the defendants have requested costs for original transcripts and the cost of taking the depositions. The court finds that the original of the September 21–22 deposition of Robert Scallet was reasonably necessary, as was the original of the November 3 deposition (to which plaintiff did object). Certainly, the defendants needed to explore the complaint and the best party with whom to do such exploration would be the plaintiff. The court finds, however, that the deposition of plaintiff's wife was unnecessary. She was not a relevant party to the litigation and material from her deposition was not used, so far as the court can tell, in preparation for anything. The court similarly finds that the deposition of the plaintiff's friend, Mr. Bjorklund, was also unnecessary and not used in the preparation of the defendants' case. The court finds further that the deposition of William Lynne was also not reasonably necessary. The court agrees with plaintiff's objection that the report prepared by Mr. Lynne should have been sufficient for the purposes of the defendants and no further information was gathered at the deposition which was of use in the preparation of the litigation. Plaintiff makes no specific objection to the deposition of Mr. Steiner and the court finds that the deposition of this expert was necessary preparation for this litigation and, therefore, allows the cost of the reporter's attendance and the original transcript of the deposition of Mr. Steiner. The court further allows the costs for the original transcripts of the deposition for Wenger. Plaintiff has not objected to this transcript and the court finds it relevant and material to defendants' preparation of the case.

■ As to copies of deposition transcripts, plaintiff objected to the taxation of copies of deposition transcripts for Septem-

ber 26 and 27, October 31, November 2, 6, and 15. In keeping with current case law in the Fourth Circuit, discussed *supra*, the court allows costs for the copies of depositions for which the court has allowed costs for the depositions themselves. The court finds that for an attorney to properly prepare the case, it is reasonable to request a copy of the deposition which may be tabbed, annotated, highlighted, and referenced as necessary to make full use of the material. Therefore, the court allows costs for copies of the depositions of September 21–22, 26, 27; October 9, 31; November 2, 3, 6, 15; and December 9.

■ The court finds that it is not in keeping with current law to tax the costs of minuscripts and computer disk copies. Thus, the court has subtracted $25 from each copy and original for which a condensed transcript was requested and $25 from each transcript for which a disk copy was requested. Defendants failed to properly itemize the bills, but the court finds that $25 is an appropriate cost in the market for the service of condensing the script and providing a disk copy, as evidenced by the one itemized bill of the deposition of Paula Wenger on October 31.

■ The court further denies the cost of postage or shipping for the transcripts and/or copies. As noted, *supra*, the case law has indicated that postage is not recoverable under § 1920. Similarly, the court denies costs for the inclusion of exhibits in the deposition transcripts as these are primarily for the convenience of counsel, who often has a copy of the exhibit at hand already.

■ Plaintiff also objects to taxation of the costs of the attorneys for attending and defending depositions. Based on *Wahl* and *Honolulu*, this court finds that the costs of defendants' attorneys in attending and defending depositions are not taxable. *Wahl*, 511 F.2d at 216; *Honolulu*, 438 F.2d at 1371. The court, therefore, disallows taxation of the cost of travel to defend the deposition of Paula Wenger on October 30 and the cost of travel to Washington state for the deposition of William Lynne. The court also notes that few of the requested costs for this travel were supported with adequate, legible documentation. *See, Wahl*, 511 F.2d at 216.

■ Defendants have also requested expert witness fees for Peter Steiner. As noted by the plaintiff and this court *supra*, *Crawford Fitting* explicitly holds that an expert witness may not be compensated beyond the limit of § 1821: $40 per day. 482 U.S. at 442, 107 S.Ct. at 2497–98; *LaVay*, 830 F.2d at 528. Therefore, this court disallows any cost for Peter Steiner beyond $40 for his appearance on December 9 for his deposition.

*Briefs for Appeal to Fourth Circuit Court of Appeals*

■ Defendants have also requested $355 for the briefs for the appeal to the Fourth Circuit, pursuant to Fourth Circuit Rule 39(c). As noted by the plaintiff in his Memorandum in Opposition to Defendants' Supplemental Bill of Costs, the copy of the bill for the copies of the Fourth Circuit briefs provided to both this court and the plaintiff is not completely legible. It is impossible to tell from the bill how many copies of the appellate brief were provided; a portion of the left side of the bill was not reproduced in the photocopy. Defendants, although served with a copy of the Memorandum in Opposition, have not come forward with a more legible version or an explanation of the bill. Further, defendants fail to specify in their Response to the Memorandum in Opposition exactly which costs they withdraw. This court, therefore, finds that the defendants have failed to explain and support adequately the requested costs and denies the $355 requested for briefs for the Court of Appeals.

An appropriate order this day shall issue.

### AMENDED ORDER

The court has received and considered plaintiff's "Motion to Reconsider Order on Costs." Finding merit in plaintiff's contentions, this court grants the motion and now issues this order replacing the order of September 30, 1997.

The court has received defendants' February 1, 1996 "Motion for Costs," plaintiff's

February 29, 1996 "Opposition to the Bill of Costs," defendants' July 18, 1997 "Supplemental Bill of Costs," plaintiff's July 29, 1997 "Memorandum in Opposition to Defendants' Supplemental Bill of Costs," and defendants' August 6, 1997 "Reply to Plaintiff's Memorandum in Opposition to Defendants' Supplemental Bill of Costs." The case having completed the appellate process, the court finds it appropriate to rule on the bill of costs at this time. For the reasons stated in the accompanying memorandum opinion, it is hereby

ADJUDGED AND ORDERED

1. that plaintiff's October 9, 1997 "Motion to Reconsider Order on Costs" is GRANTED;

2. that defendants' February 1, 1996 "Motion for Costs" and July 18, 1997 "Supplemental Bill of Costs" are GRANTED in part and DENIED in part.

The Clerk of the Court is hereby directed to send a certified copy of this Order and the accompanying Memorandum Opinion to all counsel of record.

## Appendix A

| Date | Action | Activity | Itemization | Receipt | Cost | Total Cost | Granted | Explanation |
|---|---|---|---|---|---|---|---|---|
| 5/18 | Trial | photocopies | Stipulated | yes | $3.30 | $40.50 | $40.50 | reasonably necessary |
| | | photocopies | Court ordered | yes | $37.20 | | | |
| 9/21-9/22 | | Deposition, Scallet | Original, copy, mini | yes | | $172.50 | $122.50 | disallow $50 for condensed script |
| 9/26 | | Deposition, Rosenblum | Copy, mini | yes | | $348.00 | $323.00 | disallow $25 for condensed script |
| 9/27 | | Deposition, Harris & Smith | Copy each, mini | yes | | $714.65 | $664.65 | disallow $50 for condensed script |
| 10/9 | | Deposition, Harris | Copy, mini | yes | | $342.65 | $317.65 | disallow $25 for condensed script |
| 10/26 | | Deposition, E. Scallet | Original, copy, mini | yes | | $869.00 | $0.00 | not reasonably necessary |
| | | Travel to deposition | Mileage | no | $60.00 | $248.00 | $0.00 | attorney travel |
| | | | Lodging | no | $113.00 | | | |
| | | | Cab fare | no | $6.00 | | | |
| | | | Meals | no | $57.00 | | | |
| | | | Parking | yes | $10.00 | | | |
| | | | Tip | no | $2.00 | | | |
| 10/31 | | Deposition, Wenger | Original, copy | yes | $459.00 | $541.00 | $459.00 | reasonably necessary |
| | | | Disk | yes | $25.00 | | $0.00 | for convenience only |
| | | | Condensed (mini) | yes | $25.00 | | $0.00 | for convenience only |
| | | | Exhibits | yes | $11.00 | | $0.00 | for convenience only |
| | | | Postage | yes | $21.00 | | $0.00 | shipping not taxable |
| 11/2, 11/6 | | Depo., Hallahan, Harris | Copy each, mini | yes | | $607.30 | $557.30 | disallow $50 for condensed script |
| 11/3 | | Deposition, Scallet | Original, copy, mini | yes | | $734.00 | $684.00 | disallow $50 for condensed script |
| 11/14 | | Travel to WA | Mileage | no | $60.00 | $645.00 | $0.00 | attorney travel |
| | | | Parking, VA | no | $39.00 | | | |
| | | | Parking, WA | no | $3.60 | | | |
| | | | Meals | no | $112.00 | | | |
| | | | Travel voucher | no | $445.20 | | | |
| 11/14 | | Deposition, Lynne | Original, copy, mini | yes | $548.65 | $782.15 | $0.00 | redundant, not necessary |
| | | | Attendance, reporting | yes | $212.50 | | | |
| | | | Federal express | yes | $21.00 | | | |
| 11/15 | | Deposition, Hutchinson | Copy, mini, disk | yes | | $174.25 | $124.25 | disallow $50 for condensed, disk |
| 11/27 | | Deposition, Bjorklund | Original, copy, mini, disk | yes | | $720.00 | $0.00 | not reasonably necessary |
| 12/9 | | Air Travel, Landry | | yes | | $313.80 | $0.00 | attorney travel |
| 12/9 | | Depustion, Steiner | Reporter attendance | yes | $210.00 | $924.50 | $891.00 | exhibits, shipping not taxable |
| | | | Original, copy | yes | $681.00 | | | |
| | | | Exhibits | yes | $17.50 | | | |
| | | | Shipping | yes | $16.00 | | | |
| 12/9 | | Steiner, expert witness fee | | yes | | $3,412.50 | $40.00 | statutory maximum |
| 12/11 | | Hearing transcript | Copy | yes | $212.00 | $222.00 | $212.00 | |
| | | | Overnight | yes | $10.00 | | $0.00 | shipping not taxable |
| 12/13 | | Notary fee | | yes | | $10.00 | $10.00 | notary required, cost taxable |
| 5/20 | Appeal | Briefs, copies | | illegible | | $355.00 | $0.00 | inadequate support, explanation |
| 6/6 | Cert. | Briefs, copies | Copies | yes | | $738.70 | $0.00 | Withdrawn |
| | | | Proof & postage | yes | | $103.38 | $0.00 | Withdrawn |
| | | | | | Requested | $13,018.88 | | |
| | | | | | | Granted | $4,450.85 | |