ORDER
 

 FRIEDMAN, Circuit Judge.
 

 Appellee Missouri Pacific Truck Lines, Inc. (“MoTruek”) has filed an application pursuant to the Equal Access to Justice Act, 28 U.S.C..§ 2412 (1982) (the Act), for an award of attorney fees and expenses incurred in the appeal in this case. In that appeal this court affirmed the decision of the United States Claims Court in favor of MoTruek in a tax refund suit. 736 F.2d 706 (Fed.Cir.1984).
 

 In support of its claim, appellee states that (1) it is the prevailing party, (2) at the initiation of the litigation it had assets totaling less than $5 million, and (3) the government’s position in this appeal was not substantially justified. The government opposes the application on the grounds that MoTruek is not an eligible “party” as defined in section 2412(d)(2)(B) because it has more than 500 employees, and that the government’s position on appeal was substantially justified.
 

 Section 2412(d)(1)(A) of the Act requires a court to award attorney fees and expenses to a prevailing party in a civil action brought by or against the United States unless the government’s position was substantially justified. A “party” is defined as:
 

 (i) an individual whose net worth did not exceed $1,000,000 at the time the civil action was filed, (ii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization whose net worth did not exceed $5,000,000 at the time the civil action was filed, ... or (iii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization, having not more than 500 employees at the time the civil action was filed.
 

 28 U.S.C. § 2412(d)(2)(B).
 

 MoTruek has not alleged that it had 500 or fewer employees when the litigation was initiated. The Claims Court found that before MoTruck’s merger with Texas and Pacific Motor Transport Company in 1977, MoTruek employed from 750 to 949 persons annually. 3 Cl.Ct. 14, 17 (1983). It appears that at the time the suit was filed in 1979, MoTruek employed between 1,200 and 1,300 persons.
 
 Employer Liability for Taxes Under the Railroad Retirement Tax Act: Hearings Before the Subcomm. on Oversight of the House Comm, on Ways and Means,
 
 96th Cong., 1st Sess. 21 (1979) (statement of Mr. Molloy, counsel to Missouri Pacific Truck Lines, Inc.).
 

 MoTruek asserts that the limitations that a corporation have a net worth of not more than $5 million and not more than 500 employees are in the alternative. Although it is possible to read the statute as providing for three categories of parties entitled to receive awards, the statutory language is not so unambiguous as to preclude resort to the legislative history.
 

 The legislative history shows that Congress intended the 500 employees limit to be an additional eligibility requirement for corporations. The Senate version of the legislation contained the limit of 500 employees, which the House Committee and
 
 *798
 
 the House Conference Committee both approved. H.R.Rep. No. 1434, 96th Cong., 2d Sess. 26,
 
 reprinted in
 
 1980 U.S.Code Cong. & Ad.News 4953, 5003, 5015. The House Report described the Senate definition of “party” as follows: “[N]o party which is involved in an administrative proceeding or civil court action in its capacity as a business can be included under this provision of the bill if it has more than 500 employees at the time the ... civil action was initiated.” H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9,
 
 reprinted in
 
 1980 U.S.Code Cong. & Ad.News 4984, 4988. A later section of the House Report explained: “The definition thus establishes financial criteria which limit the bill’s applications to those persons and small businesses for whom costs may be a deterrent to vindicating their rights.”
 
 Id.
 
 at 4994.
 

 This history demonstrates that Congress intended to limit fees and expenses to small businesses with a net worth of not more than $5 million and with not more than 500 employees. In view of the legislative purpose of helping small business to overcome the deterrent effect the costs of litigation may have in precluding them from vindicating their rights against the government, Congress cannot have intended to permit a corporation with a net worth of $100 million but with only 490 employees to recover fees under the Act. Construed in light of its legislative history and purpose, the statute provides for two categories of eligible parties: individuals whose net worth does not exceed $1 million and entities (1) with a net worth not in excess of $5 million and (2) with not more than 500 employees. In light of this analysis, we cannot agree with the dicta in
 
 Citizens Council of Delaware County v. Brinegar,
 
 741 F.2d 584 (3d Cir.1984), and
 
 Hoopa Valley Tribe v. Watt,
 
 569 F.Supp. 943, 945-46 (N.D.Cal.1983), that the net worth and number of employee limitations are alternative specifications of the entities the Act covers.
 

 The appellee’s application for attorney fees and expenses is denied.