**ASPHALT SUPPLY & SERVICE, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 02–978C.

United States Court of Federal Claims.

March 5, 2007.

Robert L. Stephens, Jr., Stephens & Saye–Dooper, PLLC, Billings, MT, for the plaintiff.

John S. Groat, Trial Attorney; David M. Cohen, Director, Commercial Litigation Branch; Peter D. Keisler, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for the defendant.

## ORDER

HORN, Judge.

This matter comes before the court on the application of plaintiff Asphalt Supply & Services, Inc. (Asphalt) for costs pursuant to Rule 54(d) of the Rules of the United States Court of Federal Claims (RCFC) and for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2000).

In its complaint, plaintiff alleged breach of a contract to perform crushing, mining and gravel extraction, issued by the United States Department of Interior, Bureau of Indian Affairs. After the parties engaged in extended pre-trial activities, including discovery and motion practice, which was accompanied with numerous requests for extensions of time and instances of failure to appear for scheduled events or make timely submissions on the part of plaintiff's counsel, the case was scheduled for trial. The case was taken off the trial calendar, however, to allow the parties to complete remaining pre-trial work, and to engage in settlement discussions. On November 10, 2005, the parties reached a stipulation for entry of partial judgment. Therefore, on November 18, 2005, the court entered partial judgment for the plaintiff in the amount of $336,898.00, plus Contract Disputes Act interest upon that amount, calculated from April 28, 2002. After additional pre-trial efforts and discussions, on July 7, 2006, the parties stipulated for entry of judgment of all of plaintiff's remaining claims. An order dismissing plaintiff's case, with prejudice, pursuant to the parties' stipulation of voluntary dismissal was entered on July 17, 2006.

Initially, plaintiff had filed a bill of costs and for attorney's fees while the case was still pending. In plaintiff's original bill of costs the plaintiff had requested $28,094.00 for attorney's fees, but had not requested fees pursuant to the EAJA. The defendant filed an objection to the plaintiff's bill of costs and for attorney's fees on July 24, 2006, including a general objection and objections to many of the specific items claimed. On August 2, 2006, this court issued a scheduling order permitting the plaintiff to respond to defendant's objections. After a status conference on September 15, 2006, the court issued another scheduling order to allow plaintiff's attorney an opportunity to itemize and provide a justification for the costs and fees claimed, to file a request for attorney's fees separately from the bill of costs, together with justification for the attorney's fees claimed, and to complete the applicable forms included in the rules of this court.

Plaintiff submitted its amended bill of costs and an amended application for fees and other expenses under the Equal Access to Justice Act on September 29, 2006, to which defendant, United States, once again filed objections. Plaintiff requests $7,649.05 in costs and $35,821.25 in attorney's fees, for a total of $43,470.30. As explained below, the court denies plaintiff's request for attorney's fees and awards plaintiff costs in the amount of $1,858.23.

## I. Attorney's Fees

The EAJA provides that a judgment for costs "may be awarded to the prevailing party in any civil action brought by or against the United States. . . ." 28 U.S.C. § 2412(a)(1). Section 2412(d)(1)(B) of the EAJA provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that

the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B). "The purpose of the EAJA is to 'eliminate legal expenses as a barrier to challenges of unreasonable government action.'" *Cmty. Heating & Plumbing Co. v. Garrett*, 2 F.3d 1143, 1145 (Fed.Cir. 1993) (citations omitted). Because EAJA constitutes a "partial waiver of sovereign immunity," the statute is to be "strictly construed in favor of the United States," *Ardestani v. I.N.S.*, 502 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991) and, therefore, cannot be "enlarged beyond what the language requires." *United States v. Nordic Vill.*, 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

In pertinent part, a corporate party for purposes of EAJA is defined as:

> any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed[.]

28 U.S.C. § 2412(d)(2)(B)(ii). Thus, "[t]o qualify as a prevailing party, plaintiff must satisfy the eligibility requirements of both net worth and number of employees." *Al Ghanim Combined Group Co. v. United States*, 67 Fed.Cl. 494, 498 (2005) (quoting *Lion Raisins, Inc. v. United States*, 57 Fed. Cl. 505, 511 (2003)); *see also Fields v. United States*, 29 Fed.Cl. 376, 382 (1993), *aff'd*, 64 F.3d 676 (Fed.Cir.1995); *Missouri Pac. Truck Lines, Inc. v. United States*, 746 F.2d 796, 797–98 (Fed.Cir.1984).

▮ The government contends that plaintiff's EAJA application should be denied because plaintiff "does not address, much less establish that it meets, the employee limitations ... and it provides net worth information only for January and April 2002, not for August 2002, when it commenced this action." Under the EAJA statute, plaintiff is required to demonstrate that its net worth did not exceed $7,000,000.00 "at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(ii). The complaint in this case was filed on August 14, 2002 and plain-

tiff was required to provide the court with documentation of its net worth as of that date. The plaintiff bears the burden of demonstrating that it meets the restrictions established for eligible corporate parties under the EAJA. *See Al Ghanim Combined Group Co. v. United States*, 67 Fed.Cl. at 498; *Fields v. United States*, 29 Fed.Cl. at 382. ("A conclusory affidavit without supporting evidence is inadequate to establish such party status [eligibility to receive an award under EAJA]."). In the case before this court, plaintiff provided net worth information for January, 2002 and April, 2002, but not for August, 2002, when the action was initially filed. Plaintiff's failure to provide this court with the required net worth information renders plaintiff's application deficient. *See Al Ghanim Combined Group Co. v. United States*, 67 Fed.Cl. at 496 ("Failure to submit documentation of plaintiff's net worth, for the purpose of determining whether plaintiff qualifies for an award under EAJA, renders an application deficient."); *Scherr Constr. Co. v. United States*, 26 Cl.Ct. 248, 251 (1992) ("The failure to submit information consistent with generally accepted accounting principles is fatal to plaintiff's application."). The court, therefore, finds that plaintiff has failed to establish that its net worth at the time the complaint was filed meets the restrictions of the EAJA, although provided the opportunity to do so.

In addition, plaintiff failed even to address the EAJA employee limitations in its motion. Because plaintiff has failed to provide this court with any evidence demonstrating that it had less than 500 employees at the time this action was filed, this court also must find that plaintiff failed to establish that it met the maximum employee restrictions provided for eligibility under the EAJA at the time the complaint was filed. *See Missouri Pac. Truck Lines, Inc. v. United States*, 746 F.2d at 797–98 ("The legislative history [of the EAJA] shows that Congress intended the 500 employees limit to be an additional eligibility requirement for corporations."); *Al Ghanim Combined Group Co. v. United States*, 67 Fed.Cl. at 498 (denying plaintiff's EAJA application because plaintiff "made no repre-

sentation at all regarding its number of employees.").

The court notes that the government objected to plaintiff's failure to provide net worth and employee information when plaintiff initially applied for attorney's fees. The court then gave plaintiff's counsel several chances to correct deficiencies in the application. Plaintiff was on notice of the government's objections, but, regardless, should have understood the statutory requirements. Although given multiple opportunities to perfect its filings, as was the case throughout the proceedings, the plaintiff failed to document that it met the maximum net worth and maximum employee restrictions at the time the complaint was filed.[1] The court, therefore, finds that because plaintiff has failed to demonstrate that it met the net worth and employee limitations articulated in the EAJA, plaintiff's application for attorney's fees must be denied.

## II. Fees and Costs

On September 29, 2006, plaintiff Asphalt submitted an amended bill of costs pursuant to the scheduling order issued on September 15, 2006. Defendant United States filed its objections on October 13, 2006. Plaintiff requests $7,649.05 in costs.

▮▮▮ RCFC 54(d) provides that the trial court has discretion to tax costs in favor of the prevailing party to the extent "permitted by law." *See* 28 U.S.C. §§ 1821 and 1920 (2000). If allowable, such costs must be "both reasonable and necessary." *Soler v. Waite,* 989 F.2d 251, 255 (7th Cir.1993); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The prevailing party has the burden of establishing to the court's satisfaction that the requested costs are taxable. *U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1245 (10th Cir.1988) ("The court's exercise of its discretionary power turns on whether or not the costs are

for materials necessarily obtained for use in the case."), *implied overruling on other grounds recognized by Anixter v. Home–Stake Prod. Co.,* 77 F.3d 1215, 1231 (10th Cir.1996); *Green Constr. Co. v. Kan. Power & Light Co.,* 153 F.R.D. 670, 675 (D.Kan. 1994). Thus, it is incumbent upon the prevailing party to provide sufficient documentation of the costs it requests. *Pan Amer. Grain Mfg. Co. v. Puerto Rico Ports Auth.,* 193 F.R.D. 26, 35 (D.P.R.2000), *aff'd,* 295 F.3d 108 (1st Cir.2002). Without such documentation, the court may not be able to determine whether a requested cost is a necessary and reasonable litigation expense. *See id.*

Defendant, in addition to its general objection that the court should exercise its discretion not to award any costs, given the history of the case, raises several specific objections to the request for costs which are discussed under the relevant sections below.

### Filing Fees

Plaintiff requests costs in the amount of $150.00 for filing fees paid to the clerk. This cost is expressly authorized by 28 U.S.C. § 1920(1). Costs in the amount of $150.00 will be taxed in favor of the plaintiff for fees of the clerk.

### Fees for the Reporter for Transcripts of Court Proceedings

▮▮▮ Plaintiff requests $82.40 for fees of the reporter for a transcript of court proceedings. The court has discretion to tax the cost of transcripts of court proceedings when: (1) the transcripts are necessarily obtained for use in the case and (2) the cost is reasonable. 28 U.S.C. § 1920(2); *see Farmer v. Arabian Amer. Oil Co.,* 379 U.S. 227, 233–34, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d at 1245; *Syntex Ophthalmics, Inc. v. Novicky,* 795 F.2d 983, 986 (Fed.Cir.1986) (citing *Chore–Time Equip., Inc. v. Cumberland Corp.,* 713 F.2d 774, 781 (Fed.Cir.1983)). Assessment of the premium delivery charges

---

1. The EAJA allows for an exception to these requirements for "an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of such Code, or a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141 j(a))...." 28 U.S.C. § 2412(d)(2)(B)(ii). The plaintiff in this case does not allege, nor does the record reflect, that it would qualify as an exempt entity for purposes of 28 U.S.C. § 2412(d)(2)(B)(ii).

of daily transcripts must be for necessity, not just for the convenience of counsel, for those charges to be taxable. *See Paul N. Howard, Co. v. P.R. Aqueduct and Sewer Auth.*, 110 F.R.D. 78, 81 (D.P.R.1986). Likewise, the cost of additional copies of transcripts on computer diskette or in condensed format is incurred for the convenience of counsel and may not be taxable. *See Fields v. Gen. Motors.*, 171 F.R.D. 234, 236 (N.D.Ill.1997); *Nugget Distrib. Co–op. of Amer. v. Mr. Nugget, Inc.*, 145 F.R.D. 54, 58 (E.D.Pa.1992);

■ Plaintiff provides no explanation as to the necessity of this transcript. An invoice alone does not satisfy the requirement to provide sufficient documentation for the court to find that the transcript was necessarily obtained for use in the case and a reasonable expense under the circumstances. The docket in the above captioned case is replete with hearings and transcripts. Normally, it is not possible for the court to determine without proper documentation which is a necessary and, therefore, taxable event. Defendant, however, states it has no objection to this request. Therefore, the propriety of taxing the costs for this particular transcript may be gleaned from the agreement of the parties on the cost. The requested amount of $82.40 is allowed.

### Fees Incident to the Taking of Depositions

■ Plaintiff requests $3,251.65 for costs incident to the taking of depositions. The court has the discretion under 28 U.S.C. § 1920(2) to tax as costs the expenses for copies of depositions that were necessarily obtained for use in the case. *See Nissho–Iwai Co. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir.1984). Depositions of record may be considered reasonably necessary to the case, even if not used at trial, as long as they were reasonably necessary at the time they were taken. *See Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184–85 (Fed.Cir.1996). Premium delivery charges, such as express delivery charges, of deposition transcripts, however, may not be taxable and can be considered overhead charges, not litigation costs. *See Embotelladora Agral Regiomontana v. Sharp Capital, Inc.*, 952 F.Supp. 415, 418

(N.D.Tex.1997). Likewise, the cost of additional copies on computer diskette or in condensed format must be reviewed for necessity, as opposed to convenience. *See Fields v. General Motors Corp.*, 171 F.R.D. at 236; *Nugget Distrib. Co–op. of Amer.*, 145 F.R.D. at 58.

■ Defendant objects to plaintiff's incorrect tallying of deposition costs, as well as the lack of documentation for the Foggin and Forseth depositions. The court, however has identified a more fundamental flaw in the request for these costs. Although, plaintiff provides a listing of depositions by transcript vendor and provides invoices for most, but not all, deposition transcripts, once again, plaintiff is silent as to the necessity of obtaining these transcripts for use in the case. The burden is on the plaintiff to establish such necessity, not on the court to dissect the submissions in order to separate recoverable from non-recoverable costs. *See Naporano Iron & Metal Co. v. United States*, 825 F.2d 403, 405 (Fed.Cir.1987).

■ The court has the discretion to tax those expenses it finds allowable, necessary and reasonable. Notwithstanding the fact that plaintiff did not properly document its request, the court finds, based on the history of the case and a review of the deposition transcripts requested, that plaintiff necessarily and reasonably obtained a portion of the depositions in questions. Therefore, the court will allow 50% of the requested amount. The amount of $1,625.83 will be taxed as costs incident to the taking of depositions.

### Other Costs

■ Plaintiff requests $4,175.00 for other costs. The taxing of costs is confined to those costs defined in 28 U.S.C. §§ 1821 and 1920. Consultations, reviews of documents, and meetings are not taxable costs. Plaintiff provided invoices without explanation. Once again, without proper documentation, the court cannot determine which is an allowable, necessary, and reasonable cost in the proper amount and, therefore, a taxable event. Plaintiff's request for $4,175.00 is denied.

*Summary*

The following costs will be taxed in favor of plaintiff Asphalt Supply & Service, Inc. and against defendant United States:

| | |
|---|---|
| Fees of the Clerk | $ 150.00 |
| Fees for the Reporter for Transcripts of Court Proceedings | 82.40 |
| Fees Incident to the Taking of Depositions | 1,625.83 |
| Total to be Taxed | $1,858.23 |

## CONCLUSION

For the foregoing reasons, the court **DENIES** plaintiff's request for EAJA attorney's fees. Based on the above computations, the Clerk of the Court shall enter **JUDGMENT** awarding the plaintiff costs in the amount of $1,858.23.[2]

**IT IS SO ORDERED.**

---

**2.** Since the tax is in favor of plaintiff, the payment will be via 28 U.S.C. § 2517 certification, as provided in 28 U.S.C. § 2412(c)(1), and forwarded to plaintiff's attorney of record.