**IMPRESA CONSTRUZIONI GEOM. DOMENICO GARUFI,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

Nos. 99–400C, 01–708C.

United States Court of Federal Claims.

Oct. 23, 2009.

Sam Z. Gdanski, Suffern, NY, for plaintiff.

Roger A. Hipp, with whom were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## ORDER

EMILY C. HEWITT, Chief Judge.

Before the court are plaintiff's Application for Fees and Other Expenses Under the Equal Access to Justice Act (Pl.'s App. or Application), filed with the court on August 18, 2009, defendant's Opposition to Plaintiff's Application for the Award of Fees and Other Expenses Pursuant to the Equal Access to Justice Act (Def.'s Resp. or Response), filed on February 3, 2009 and plaintiff's Reply to Defendant's Opposition to Plaintiff's Application for the Award of Fees and Other Expenses under the Equal Access to Justice Act (Pl.'s Reply or Reply), filed on July 24, 2009. Plaintiff seeks attorneys' fees and related nontaxable expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (2006). Pl.'s App. 1.

EAJA provides, in pertinent part, that

> a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also* 5 U.S.C. § 504. EAJA defines a "party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed," or "any owner of an unincorporated business, or any partnership [or] corporation ... the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed...." 28 U.S.C. § 2412(d)(2)(B)(i)-(ii).

■ The applicant bears the burden of establishing its eligibility for EAJA. *Asphalt Supply & Serv., Inc. v. United States*, 75 Fed.Cl. 598, 601 (2007); *see also Al Ghanim Combined Group Co. v. United States (Al Ghanim)*, 67 Fed.Cl. 494, 498 (2005); *Fields v. United States (Fields)*, 29 Fed.Cl. 376, 382 (1993), *aff'd*, 64 F.3d 676, 1995 WL 479327 (Fed.Cir.1995). More specifically, "[t]o qualify as a prevailing party, plaintiff must satisfy the eligibility requirements of both net worth and number of employees." *Al Ghanim*, 67 Fed.Cl. at 498; (quoting *Lion Raisins, Inc. v. United States*, 57 Fed.Cl. 505, 511 (2003)).

■ While defendant's Response concentrates on the financial aspect of the eligibility requirements, the court cannot ignore plaintiff's lack of documentation regarding the number of employees employed by the company. See *Asphalt Supply & Serv.*, 75 Fed. Cl. at 601 (noting that plaintiff bears the responsibility to establish the number of its employees through documentary evidence); *see also Fields*, 29 Fed.Cl. at 382. Plaintiff's only mention of this eligibility requirement is the bare statement in its Application that "Garufi [1] [referred to in this order as the Company] fits well under the 500 employee size limitation." Pl.'s App. 8. No substantiating documentation is provided regarding the number of employees of the Company at the time the civil action was filed. In particular, both Domenico Garufi's and Rosario Garufi's declarations fail to substantiate the number of employees employed by the Company. Pl.'s App. Exhibits (Exs.) 1A, 1B. Plaintiff shall supplement its application with documentation substantiating the number of employees employed by the Company as of the date the complaint was filed, June 28, 1999.

■ In addition to establishing the number of employees of the Company through documentation, plaintiff must "present sufficient evidence so that [its] net worth may be ascertained and verified by the court." *Fields*, 29 Fed. Cl at 382. Further, the financial information provided must allow the court to determine the "net worth of the applicant at the time a complaint was filed." *Info. Scis. Corp. v. United States (Info.Scis.)*, 86 Fed.Cl. 269, 280 (2009); *see also Asphalt Supply & Serv.*, 75 Fed.Cl. at 601 (rejecting net worth information describing the company's financial position five months prior to the filing of the complaint). Thus, affidavits which are "self-serving" and "unsupported," including those that contain unaudited balance sheets, are not sufficient to establish net worth. *Doe v. United States*, 54 Fed.Cl. 337, 342 (2002). When a court is assessing a plaintiff's eligibility for an award under EAJA, a deficiency or failure to submit proper documentation of plaintiff's net worth will render an application deficient. *Al Ghanim*, 67 Fed.Cl. at 496.

■ Plaintiff's Application addresses the financial eligibility requirements under EAJA and attempts to support plaintiff's eligibility for EAJA relief with two documents. The first is the Declaration of Domenico Garufi. Pl.'s App. Ex. 1A. Domenico Garufi addresses the net worth of the Company but does not appear to address his personal net worth, which, as the apparent owner of a sole proprietorship, would be combined with the assets of the Company to arrive at a total net worth.[2] Nor does the declaration make clear

---

1. In order to prevent confusion and improve the clarity of plaintiff's filings, the court suggests that in future filings plaintiff use a different name for the company entity "Impresa Construzioni Geom. Domenico Garufi" and the individual Domenico Garufi. When plaintiff uses "Garufi" to refer to both interchangeably, it is difficult for the court to interpret the intended meaning of any particular reference. For clarity, the court refers to the business entity Impresa Construzioni Geom. Domenico Garufi as the Company and to the individual declarants as Domenico Garufi and Rosario Garufi.

2. A sole proprietorship is defined as "a business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." *Black's Law Dictionary* 1427 (8th ed.2004). "A sole proprietorship neither files income tax nor pays income tax. Rather, the owner of the business reports all items of income on his or her individual tax return and must pay any taxes due." 1 Steven C. Alberty, *Advising Small Businesses* § 4:2 (2009). Although net worth is not explicitly addressed by EAJA, the accompanying Congressional Committee Report (Report) instructs that, for purposes of EAJA, net worth is calculated by "subtracting total liabilities from total assets." H.R.Rep. No. 96–418, at 15 (1980). The Report also discusses EAJA as applied to the proprietor of a business: "those persons eligible to recover fees include individu-

whether the declaration refers to net worth on June 28, 1999 or some other date:

> I, Dominic [sic] Garufi, owner of Impresa Costruzioni [sic] Geom. Domenico Garufi, ("Garufi") . . . hereby submit this Declaration Garufi is eligible to recover fees and other expenses under the Equal Access To Justice Act. Garufi has a net worth of less than $7,000,000.00 ("Seven Million Dollars"). The company is organized as a sole ownership. The combined net worth of the company is less than $2,000,000.00 ("Two Million Dollars").

Pl.'s App. Ex. 1A. As defendant asserts in its Response, Domenico Garufi's declaration does not appear to include his personal net worth based on the plaintiff's definition of the term "Garufi" as encompassing the business entity only. Def.'s Resp. 12. However, because the net worth of a sole proprietorship is inclusive of personal worth and company worth, Garufi's declaration must address both and establish that the combination of his personal net worth and the net worth of the Company as a sole proprietorship were, at the date of filing the complaint in this action, June 28, 1999, less than $7,000,000. *See supra* note 2.

The court's ability to evaluate plaintiff's eligibility under EAJA is also complicated by the fact that the declaration of "Rosario Garufi," who is identified as the Sole Administrator of the Company, characterizes the Company differently than does Domenico Garufi. While Domenico Garufi describes the company as a sole proprietorship, Rosario Garufi characterizes it as a "Limited Responsibility Company." *Compare* Pl.'s App. Ex. 1A *with* Pl.'s App. Ex. 1B.

> Garufi has a net worth of less than $7,000,000.00 ("Seven Million Dollars"). The company is organized as a S.R.L.

(Limited Responsibility Company). The combined total net worth of the company is less than $2,000,000.00 ("Two Million Dollars").

Pl.'s App. Ex. 1B. This disparity is explained by plaintiff in its Reply as having to do with the transition of the business from a sole proprietorship to an "Italian Limited Company" or "S.R.L." in 2002. Pl.'s Reply 10. However, neither of the declarations clearly addresses the total net worth of Domenico Garufi as owner of a sole proprietorship on June 28, 1999, the date the complaint was filed.

Plaintiff must clarify whether all of Domenico Garufi's personal assets were included in Domenico Garufi's assessment of the net worth of the Company set out in his declaration and shall provide, with English translations, all documents relied upon in arriving at this figure. Alternatively, plaintiff shall draft a new declaration including Domenico Garufi's personal net worth as of June 28, 1999 with supporting documentation including a personal balance sheet and all relevant tax returns. All documentation shall be translated into English.

Both declarations reference "annexed tax returns." Domenico Garufi's declaration references tax returns from the years 1999, 2000 and 2001. Pl.'s App. Ex. 1A. Rosario Garufi's declaration references annexed tax returns for the years 2002, 2003 and 2004. Pl.'s App. Ex. 1B. However, as discussed by defendant in its Response, none of the referenced tax returns was attached to the declarations. Def.'s Resp. 11, 13. Possibly in response to defendant's reference to these omissions, plaintiff's Reply included a document it represents to be the year 2000 tax return for the Company. Pl.'s Reply Ex. 2.[3]

---

als whose net worth does not exceed one million dollars and sole owners of unincorporated businesses, partnerships, corporations and associations . . . whose net worth does not exceed five million dollars." *Id.; Am. Pac. Concrete Pipe Co. v. N.L.R.B.*, 788 F.2d 586, 590 (9th Cir.1986). Later versions of EAJA increased the net worth ceiling; the 2006 United States Code set the net worth ceiling for "sole owners of unincorporated businesses" at $7 million. 28 U.S.C. § 2412(d)(2)(B) (2006). It follows that, as a proprietor of a business on June 28, 1999, Domenico Garufi's personal net worth and business entity

net worth are both relevant for computation of total net worth for EAJA purposes.

**3.** Plaintiff refers to this exhibit as "Exhibit 2 1999 Tax Return" despite the notation on the document itself: "Unico 2000." The court presumes that by describing the tax return as the "1999 Tax Return" the plaintiff is referring to the financial year which the tax return encompasses, 1999, as distinct from the year it was apparently filed, 2000. Further, the court notes that none of the attached exhibits is marked with titles such as "Exhibit A" or "Exhibit B." This results in

The document is stamped with the words "Garufi Domenico Costruzioni" on the final page but the text of the document is very difficult to read and is typed in Italian. Based on assertions made in plaintiff's Reply, it appears that plaintiff included the year 2000 tax return exclusively and left out other returns discussed in the declarations from the years 1999 and 2001 through 2004 because "[d]efendant's brief focuses on June 28, 1999, [so] we [plaintiff] have provided only the tax return for that year." Pl.'s Reply 10–11. In its Response, defendant points out that, for purposes of EAJA, financial eligibility requirements relate back to the "time the civil action was filed," which, for plaintiff, is June 28, 1999. Def.'s Resp. 13. Although present as an attachment to the Reply, the year 2000 tax return, presumably reflecting the tax year which includes June 28, 1999, was provided only in Italian and without an English translation. The court declines to attempt to analyze the information contained in this document without the aid of a translation into English. In addition, both Domenico Garufi's and Rosario Garufi's declarations are accompanied by what appear to be untranslated certification documents written in Italian by an Italian Notary Public or equivalent. Pl.'s App. Exs. 1A, 1B. These certification documents are of no assistance to the court in assessing the authenticity of the declarations without translations from Italian into English.

Nor does the court regard as satisfactory the signature on Rosario Garufi's declaration. Pl.'s App. Ex. 1B. The signed name at the end of the declaration does not match the declarant's name as typed in the declaration. By comparing the signature on the bottom of the first page of the declaration—which is not attached to a signature line—with the one that appears at the end of the declaration, the court can only guess that the signature at the end of the declaration is a reversal of the name Rosario Garufi. Further, as pointed out by defendant in its Response, the signature is signed on top of the text block indicating the name and title of the declarant instead of on the signature line. Def.'s Resp. 12 (citing Pl.'s App. Ex. 1B). Plaintiff does not address any of these confusing discrepancies. The court instructs plaintiff to explain the discrepancy between the typed and signed name of the declarant or correct the declaration by submitting a new declaration signed unambiguously by the person named in the declaration.

■ Plaintiff's Reply also includes an affidavit from Dr. Angelo Giordano. Dr. Giordano is identified as a licensed accountant in the Province of Catania, Italy, who claims to have reviewed and audited the company's 1999 balance sheets. Dr. Giordano states that the combined net worth of Domenico Garufi and Impresa Construzioni Geom. Domenico Garufi on June 28, 1999 was $1,502,000. Pl.'s Reply Ex. 5. It is unclear to the court how this net worth was calculated. The following non-specific explanation is provided in the translated version of Dr. Giordano's declaration:

> I [Dr. Giordano] do affirm that my audited conclusion concerning the net worths [sic] of Mr. Domenico Garufi (28 June 1999) are That [sic] the balance sheets and the relative declaration of tax return were prepared and written in accordance with both the Italian Civil Law and Tax Laws, which all professionals are required to respect.
>
> ... I do affirm that my audited conclusion concerning the net worths [sic] of Mr. Domenico Garufi (28 June 1999) and the compilation of the said balance sheets were effectuated after a through [sic] examination of the following documents; bills of sale, Value Added Tax register, accounts, bank statements, general accounting books.

Pl.'s Reply Ex. 5 (citations omitted). Because the affidavit does not explain Dr. Giordano's auditing techniques, it is impossible for the court to determine whether the auditing techniques provided for in Italian Civil Law and the Tax Laws which Dr. Giordano states that he employed comply with auditing

---

extreme unclarity when the exhibits are referred to in the text of plaintiff's filings. In filings responsive to this order, plaintiff shall clearly mark all exhibits and shall place page numbers within each exhibit and shall, in briefing, refer to specific exhibits and to specific page numbers within exhibits.

practices "generally accepted in the United States of America."[4] *Info. Scis.*, 86 Fed.Cl. at 280–81; *see Scherr Constr. Co.*, 26 Cl.Ct. 248, 251 (1992).

■ *Information Sciences* provides guidance regarding the process by which a plaintiff can supplement its application in order to create a more readily analyzable and complete accounting record for the court. *Info. Scis.*, 86 Fed.Cl. at 281. In that case, plaintiff provided financial reports along with a "Program for Review Engagements" outlining the steps involved in the financial review. *Id.* Although a "Supplemental Submission" such as the one outlined in Information Sciences is not the only way to document properly a plaintiff's net worth and establish EAJA eligibility, it serves as an example of a successful documentation supplementation. The court notes that Information Sciences does not require plaintiff to produce an audited balance sheet produced with respect to the exact day that the plaintiff's complaint was filed, however the exact day must be included in the period covered by the audit. *Id.* Plaintiff shall provide the court with the analysis of an expert who is familiar with the generally accepted standards of auditing in both the United States and Italy in order to provide the court with a meaningful English-language comparison of the two systems as well as analysis of how any differences between the two systems may have affected Dr. Giordano's audit. Without such assistance, the court cannot discern whether Impreza Construzioni Geom. Domenico Garufi has been audited in compliance, or even in substantial compliance, with Generally Accepted Auditing Standards.

Plaintiff's Reply also includes Italian and English versions of two documents: "Visura storica dell'impresa Garufi Domenico" (Visura I) and "Visura storica societa' di capitale Garufi Domenico Costruzioni S.R.L" (Visura II). Pl.'s Reply 11 (citing Exs. 3, 4). Plaintiff describes these documents as official Italian Chamber of Commerce filings. Pl.'s Reply 11. Although portions of Visura I and Visura II are translated from Italian to English, the translations are incomplete. The English translations of Visura I and Visura II both begin on page three of the Italian version of the document and do not include the title pages. The court therefore has no accessible information about the true title and origin of the documents as well as the government department(s) in which they were kept. Further, Visura II as translated contains a list of events and descriptions without informing the court of the meaning or context of the listed items. Throughout the translation of Visura II there are multiple listings citing "fiscal code" with an alphanumeric combination following the event listing. For example, the translated Visura II document contains a sub-heading "Passage of Ownership or Enjoyment of Rights" (capitals altered) under the section entitled "Transfer of Business, Merger, Split–Up, Taking–Over" (capitalization altered) which appears to reflect a March 16, 2001 sale from seller Domenico Garufi to buyer Garufi Domenico Construzioni S.R.L.[5] Below the transaction are the "Fiscal Codes" "GRFDNC47B21C351Y" and "01191100872."

If plaintiff intends the foregoing entry in Visura II to prove that Impresa Construzioni Geom. Domenico Garufi was first a sole proprietorship and then, in 2002, became an S.R.L., an Italian Limited Company, the court identifies two basic problems with this

---

4. "Generally Accepted Auditing Standards (GAAS) are rules and guidelines promulgated by the American Institute of Certified Public Accountants' Auditing Standards Board.... CPAs typically use GAAS in preparing for and performing an audit of a client's financial statement." *Info. Scis.*, 86 Fed.Cl. at 281 n. 4 (citing Joel G. Siegel & Jae K. Shim, *Dictionary of Accounting Terms* 204 (3d ed.2000)). "The failure to submit information consistent with generally accepted accounting principles is fatal to plaintiff's application." *Fields*, 29 Fed.Cl. at 383; *see Cont'l Web Press, Inc. v. NLRB*, 767 F.2d 321, 323 (7th Cir.1985).

5. There are no page numbers indicated in Visura I or Visura II. The first page of the English translations for each of these documents indicates that the translation begins on page three of the Italian version of the document. The court is unsure why the English translation does not begin on page one of the Italian version. In the future, the plaintiff shall provide complete English translations of exhibits written in Italian. Plaintiff shall also paginate each exhibit submitted to the court.

connective leap. First, there is no explanation or citation provided in the text of the Reply. Second, there appears to be a factual disparity as to whether the transition occurred in 2001 or 2002. Plaintiff's Reply asserts that 2002 was the date of the change in business structure; however, the cited Visura II indicates March 3, 2001 as the date of transition. *Compare* Pl.'s Reply 11 *with* Pl.'s Reply Ex. 4. It is not clear on which section of the Visura II document plaintiff is relying. There is simply no way to tell the correct section, given the current format of this exhibit. The court directs plaintiff to review the information in Visura I and Visura II and provide both more background information and specific citations to exhibits within its brief in order to provide the court a meaningful context in which to read and analyze the information it is attempting to provide.

Accordingly, plaintiff shall provide supplementation in accordance with the text and footnotes of this order and shall, without limitation of the foregoing

1. Provide English-language documentation addressing the number of persons employed by the Company on June 28, 1999, the date the complaint was filed.

2. Consult with defendant to identify a professional translator of the Italian language into English who shall be satisfactory to defendant and shall obtain complete translations, certified by the translator to be correct, of the following: the two "Autentica di Firma" documents attached to Exhibits 1A and 1B of plaintiff's Application, Exhibit 2 to plaintiff's Reply, the tax return, Exhibit 3 to plaintiff's Reply, Visura I, Exhibit 4 to plaintiff's Reply, Visura II and any future filing created in Italian.

3. In reference to the declaration of Rosario Garufi, explain the discrepancy between the typed and signed name of the declarant or correct the declaration by submitting a new declaration signed unambiguously by the person named in the declaration.

4. Provide English-language documentation by an expert familiar with auditing practices in both the U.S. and Italy comparing the accounting techniques employed by Dr. Giordano in his audit of the Company with Generally Accepted Auditing Standards. The expert shall also provide a clear explanation of any differences between the two systems relevant to determining the net worth of the Company and Domenico Garufi.

5. Provide a coherent narrative context through supplementary briefing which furnishes the court with a meaningful context in which to review the translated Visura I and Visura II documents. In particular, the court notes that the laundry-list-type translation of these documents, taken together with the non-specific citations in the plaintiff's Reply, render plaintiff's presentation unreasonably difficult to understand or evaluate.

Although it is not obligated to do so, the court provides plaintiff the opportunity to supplement its Application by providing the documentation described in this order as well as argument based on the documents with clear and specific citations to the documents. Plaintiff shall file with the court and serve on defendant an Amended Reply to Defendant's Opposition to Plaintiff's Application for the Award of Fees and Other Expenses Under the Equal Access to Justice Act in conformance with the foregoing guidance on or before Wednesday, November 25, 2009 at 5:00 p.m. Eastern Standard Time (EST). Defendant may file a Response to the Amended Reply on or before Tuesday, December 8, 2009 at 5:00 p.m. Eastern Standard Time (EST).

IT IS SO ORDERED.