# In the United States Court of Federal Claims

**TAXATION OF COSTS**
**Rule 54(d)**

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13-584 C |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | (Senior Judge Merow) |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| MAINE YANKEE ATOMIC POWER COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-585 C |
| | ) | |
| v. | ) | |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CONNECTICUT YANKEE ATOMIC POWER COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-586 C |
| | ) | |
| v. | ) | |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

I.      Background

On March 25, 2016, Senior Judge James F. Merow issued an opinion under seal in these matters, directing the Clerk of Court to enter judgment in favor of plaintiffs Yankee Atomic Electric Company ("Yankee Atomic"), Maine Yankee Atomic Power Company ("Maine Yankee"), and Connecticut Yankee Atomic Power Company ("Connecticut Yankee"). *See Yankee Atomic Elec. Co. v. United States*, 125 Fed. Cl. 641 (2016); Nos. 13-584, ECF No. 53; 13-585, ECF No. 51; 13-586, ECF No. 50. Accordingly, on March 28, 2016, the Clerk entered judgment for Yankee Atomic in the amount of $19,641,072.00, No. 13-584, ECF No. 54; for Maine Yankee in the amount of $24,583,166.00, No. 13-585, ECF No. 52; and for Connecticut Yankee in the amount of $32,551,749.00, No. 13-586, ECF No. 51.

On August 15, 2016, the three plaintiffs filed a joint Memorandum in Support of Bills of Costs ("Bills of Costs") in the aggregate amount of $7,014.30. No. 13-584, ECF No. 63; No. 13-585, ECF No. 59; No. 13-586, ECF No. 59.[1] On September 12, 2016, the parties filed a joint Stipulation regarding costs ("Stipulation") in which the parties agree to a total award of costs in the amount of $7,014.30,[2] with $2,338.10 being awarded to each plaintiff. No. 13-584, ECF No. 64.

Rule 54(d) of the Rules of the United States Court of Federal Claims ("RCFC") provides that the clerk may tax costs in favor of the prevailing party "to the extent permitted by law." The statutes in question are 28 U.S.C. §§ 1821 and 1920 (2000). *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). The prevailing party has the burden to establish to the court's satisfaction that the requested costs are taxable. *Green Constr. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 675 (D. Kan. 1994). To tax a requested cost, the judge—or the clerk of the court, as the judge's designee—must find that the prevailing party has claimed a necessary litigation expense and that the amount to be taxed is reasonable. *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993).

The following is a summary of the Bills of Costs requested by plaintiffs and evaluated by the court.

---

[1] The Bills of Costs and Stipulations filed in the three above-captioned cases are identical. For the sake of brevity, the undersigned will hereinafter cite only to pleadings filed in Yankee Atomic, Case No. 13-584.

[2] The parties' stipulation inaccurately states that the parties have stipulated to an award of costs in the amount of $7,104.30. No. 13-584, ECF No. 64 at 2. Plaintiffs' joint Memorandum correctly identifies this figure as $7,014.30. No. 13-584, ECF No. 63 at 2.

II.    Evaluation of the Parties' Stipulation Regarding Costs

The court and the clerk have broad discretion to determine the appropriate award of costs. *See Tempest Publ'g, Inc. v. Hacienda Records & Recording Studio, Inc.*, 141 F. Supp. 3d. 712, 725-26 (S.D. Tex. 2015). "[I]tems proposed by winning parties as costs should always be given careful scrutiny." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995). Based on these standards, the clerk's evaluation of plaintiffs' Bills of Cost is as follows.

a.    Fees of the Clerk

Under 28 U.S.C. § 1920(1), plaintiffs claim $1,200.00 for the filing fees paid to the clerk, and they have attached supporting documentation to their Bills of Costs. No. 13-584, ECF No. 63 at 2. Plaintiffs each paid $400.00 to file the three consolidated cases at issue in this litigation. *Id.*

Reimbursement of "fees of the clerk" is expressly authorized by 28 U.S.C. § 1920(1); therefore, the $1,200.00 plaintiffs paid to file their cases in this court are allowable.

b.    Fees of the Reporter for Trial Transcripts

Under 28 U.S.C. § 1920(2), plaintiffs request $1,382.60 in fees of the reporter for trial transcripts. Plaintiffs assert that the transcripts were "used extensively in post-trial briefing." No. 13-584, ECF No. 63 at 2-3. Plaintiffs represent that this cost was necessary for the litigation of this case and have supported the requested amount with an itemized invoice from the court reporting company. No. 13-584; ECF Nos. 63 at 3, 63-2 at 2.

The clerk may tax the cost of transcripts of court proceedings where: (1) the transcripts were necessarily obtained for use in the case, and (2) the cost is reasonable. 28 U.S.C. § 1920(2) (2000); *Chore-Time Equip., Inc. v. Cumberland Corp.*, 713 F.2d 774, 781–82 (Fed. Cir. 1983). In general, transcript and reporter fees supported by itemized invoices from the reporting company speak to the reasonableness of those charges. Accordingly, the amount of $1,382.60 is allowed as taxable for fees of the reporter for trial transcripts.

c.    Fees for Witnesses

Under 28 U.S.C. § 1821(b), plaintiffs ask the clerk to tax $200.00 for statutory witness attendance fees. In their Bills of Costs, plaintiffs claim these fees for four witnesses who testified at trial: Wayne A. Norton, Todd D. Smith, Carla M. Pizzella, and Elaine R. Richardson. No. 13-584, ECF No. 63 at 5. Plaintiffs state that one witness,

Carla M. Pizzella, testified on both days of trial; accordingly, they seek to recover statutory witness fees for two days of her testimony. *Id*.

28 U.S.C. § 1821(b) states that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." Accordingly, the amount of $200.00 is allowed as taxable for statutory witness attendance fees.

e.      Fees for Costs Incident to the Taking of Depositions

Under 28 U.S.C. § 1920(2), plaintiffs request $4,231.70 for costs related to obtaining transcripts of the depositions of five fact and expert witnesses. No. 13-584; ECF Nos. 63 at 3-5, 63-3 at 2-7. Plaintiffs have provided invoices identifying the name of each deponent and the associated cost. No. 13-584, ECF No. 63-3 at 2-7. Plaintiffs state that a transcript of the deposition of the government's expert witness, R. Larry Johnson, was "necessary for [them] to plan their litigation strategy and to prepare the case for trial, including, without limitation, preparing effective cross examinations and authenticating documents." No. 13-584, ECF No. 63 at 4. Plaintiffs also state that transcripts of government depositions of four of its own witnesses were necessary "to plan their litigation strategy and to prepare the case for trial, including, without limitation, preparing effective direct examinations of these witnesses, and preparing them for potential cross-examination." *Id*. All of the witnesses whose deposition transcripts were obtained testified at trial. *Id*.

In addition to the cost of the transcriptions themselves, plaintiffs seek an award for several incidental costs, including "exhibits," "exhibits – color copying," and "exhibits – oversized." No. 13-584, ECF No. 63-3 at 2-7. Plaintiffs also seek an award of $210.00 for a duplicate copy of Mr. Johnson's deposition transcript, No. 13-584, ECF No. 63-3 at 7, without explanation.

As noted by plaintiffs, pursuant to 28 U.S.C. § 1920(2), "[c]osts for deposition transcripts may be awarded if they were necessarily obtained for use in th[e] case." *Manildra Milling v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996) (internal quotation and citation omitted). "[T]he expense of additional copies of transcripts in electronic or condensed format or of premium delivery must be justified on grounds of necessity; if incurred for the convenience of counsel, such costs are not taxable." *Dalles Irrigation Dist.*, 91 Fed. Cl. at 712 (citing *Asphalt Supply Svc. v. United States*, 75 Fed. Cl. 598, 602–03 (2007)); *see also Fields v. General Motors Corp.*, 171 F.R.D. 234, 236 (N.D. Ill. 1997); *Nugget Distribs. Coop. of Am., Inc. v. Mr. Nugget, Inc.*, 145 F.R.D. 54, 58 (E.D. Pa. 1992); Taxation of Costs, *Arizona Pub. Serv. Co. v. United States*, No. 03-cv-2832 (Fed. Cl. Dec. 10, 2010), ECF No. 105 at 3 (noting that plaintiff had excluded from its costs incident to the taking of depositions "the increased per page rate for expedited delivery, the cost of reproducing exhibits, and the cost of producing ASCII copies of transcripts"). However, the clerk gives "some deference with respect to the

ordering of transcripts of hearings to the litigation judgments made by the experienced trial counsel." *First Fed. Sav. & Loan Ass'n of Rochester v. United States*, 88 Fed. Cl. 572, 600 (2009) (finding all plaintiff's claimed costs incident to the taking of depositions as taxable, including those for appearance fees, and additional copies in electronic and condensed formats).

In light of the parties' stipulation,  I find that all but $210.00 of plaintiffs' claimed fees incident to taking of deposition  are allowed.  This reduction is for the unexplained copy of Mr. Johnson's deposition transcript.  Accordingly, $4,021.70 is allowed as taxable for fees incident to taking of depositions.

III.    Conclusion

Based on the foregoing, the costs are taxed in favor of plaintiffs and against defendant United States as follows:

| | | |
|---|---|---|
| Fees of the Clerk | $ | 1,200.00 |
| Court Reporter Fees | $ | 1,382.60 |
| Costs for Deposition Transcripts | $ | 4,021.70 |
| Witness Fees | $ | 200.00 |
| Total Costs Taxed | $ | 6,804.30 |
| Amount Payable to Each Plaintiff | $ | 2,268.10 |

s/Lisa L. Reyes
LISA L. REYES
Acting Clerk of Court

NOTE:  Payment will be via 28 U.S.C. § 2517 certification as provided in 28 U.S.C. § 2412(c)(1) and forwarded to plaintiffs' attorney of record.